**Jack Austin YORK, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14550.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

Rehearing Denied Feb. 14, 1969.

Jay D. Dalton, Public Defender, Tulsa County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the District Court of Tulsa County, Oklahoma, wherein Jack Austin York, hereinafter referred to as defendant, was charged by information with the crime of Murder, tried by a jury and found guilty of the lesser included offense of Manslaughter in the First Degree. From the judgment and sentence fixing his punishment at an indeterminate sentence of from 40 to 120 years imprisonment in the state penitentiary, he appeals. On appeal he argues three assignments of error which we will consider under two propositions.

Under the first proposition defendant urges that the court committed error in the giving of Instruction No. 7, the same providing:

"You are instructed that Title 21, Section 1279 provides: 'It shall be unlawful for any person to point any pistol or any other deadly weapon whether loaded or not at any other person or persons either in anger or otherwise.' A violation of the above statute is a misdemeanor under Oklahoma law."

In this connection we observe that under the evidence adduced by the State, the defendant who was in the bathroom with the deceased, pointed a pistol at the deceased and snapped it several times before discharging the shot which fatally wounded the deceased. The defendant admitted pointing the pistol and snapping it at least once, but testified that he did not know that the gun was loaded and that in any event, the discharge of the weapon, firing the fatal shot that resulted in the death of the deceased, was accidental. There is ample proof offered on behalf of the State that the defendant pointed the weapon that fired the fatal bullet and this evidence justified the court's giving of the now complained of instruction, which correctly stated the law.

As his second contention it is urged that the court erred in refusing to give defendant's Instruction No. 3, which related to Manslaughter in the Second Degree. As heretofore stated, it was the defendant's testimony that the firing of the fatal shot was accidental and as such, under the law, was excusable. His precise theory of defense was covered by the court in Instruction No. 14 wherein the court properly and completely instructed the jury as to the circumstances under which homicide is excusable and not unlawful.

Having carefully examined the instructions of the court as a whole, and finding that they completely, accurately, and correctly state the law, both as to the theory of the prosecution and the defense, in the light of the testimony adduced on the trial, we are of the opinion that this assignment of error is without merit.

This leads us to a consideration of the defendant's assignment of error that the punishment imposed was excessive. After reiterating the arguments which he presented relating to the giving of Instruction No. 7, he asserts that during the proceedings, commencing on opening statement and continuing during the course of the trial, the prosecutor referred to the deceased as "a child," which was highly prejudicial. The defendant argues that since there was no positive evidence introduced as to the age of the deceased other than the photographs, these repeated references to him as "a child" could serve no other purpose than to bias and inflame the jury against the defendant.

Counsel correctly contends that there is no direct evidence establishing the exact age of the deceased; however, Dr. Lowbeer testified that the weight of the deceased was "average for a 13 year old boy," and the photograph of the deceased presented for the jury's consideration and incorporated in the record, reveals the body of a young teenager. Certainly this evidence was before the jury and from it the prosecutor could reasonably deduce that the deceased was approximately 13 years old. In any event, we fail to see how these references could have inflamed the jury against the defendant in the light of all the facts and attendant circumstances. We are, therefore, of the opinion that this assignment of error is without merit.

In conclusion we observe that the evidence amply supports the verdict of the jury, the court properly instructed them as to the law of the case, and the punishment imposed was well within the range provided by law, and there is no error sufficient to justify a modification or reversal of this case.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

NIX, P. J., and BRETT, J., concur.