**Gary Curtis WARTHEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–76–435.

Court of Criminal Appeals.

Jan. 24, 1977.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

George H. Wilson, II, Wilson & Wilson, Enid, for appellant.

## OPINION

BUSSEY, Judge:

The appellant, Gary Curtis Warthen, hereinafter referred to as the defendant, was charged in the District Court, Garfield County, Case No. CRF–75–539, with the offense of Unlawful Delivery of Marijuana in violation of 63 O.S.1971, § 2–401. He was tried by a jury, convicted and punishment was fixed at a fine of Five Thousand Dollars ($5,000), and imprisonment at a term of ten (10) years. From said judgment and sentence a timely appeal has been perfected.

The State's first witness was John William Kelson, an agent with the Bureau of Narcotics and Dangerous Drugs of the State of Oklahoma. He testified that on April 11, 1975, while accompanied by an unidentified informant, he met with the defendant in Room No. 53 of the Trail Motel in Enid, Oklahoma. The defendant offered to sell him a "brick" of what was purported to be marijuana, weighing approximately one pound, for $125.00 and indicated that the price could be reduced to $105.00 per pound if regular dealership was instituted. He paid the defendant $125.00 for the marijuana and returned to his room at the Ramada Inn Motel in Enid where he field-tested the substance obtained from the defendant. He then placed it in the trunk of his automobile where it remained three days, during which time it was periodically checked. He then personally submitted the sealed and marked evidence to the Oklahoma State Bureau of Investigation Laboratory in Oklahoma City on April 14, 1975.

The State then called Charles Ryan, Chief Investigator for the District Attorney's Office, who testified that he aided in the surveillance of the Trail Inn Motel and saw agent Kelson enter room No. 53 and subsequently leave. This witness then followed agent Kelson to the Ramada Inn Motel where he placed his initials on the package of marijuana obtained from Room 53.

The State's next witness was Richard Henry Dill, a forensic chemist with the Oklahoma Bureau of Investigation, who testified that an analysis of the substance submitted to him by agent Kelson indicated that it was marijuana. The package of marijuana was then admitted into evidence as State's Exhibit No. 1.

At this point, the State rested its case and the defendant called three character witnesses who testified that the defendant had a good reputation for honesty and integrity. The defendant then testified in his own behalf.

The defendant testified that he accompanied a friend, Randy Moore, to Enid in order to check on furniture belonging to his mother. He did not discover until arriving in Enid that his companion had a bag full of marijuana. At this point, there was nothing he could do, since the car they arrived in belonged to his companion.

The defendant's companion told him that an individual named "Tim" would be by to pick it up, but when "Tim" arrived on the night in question, Moore was asleep. While the defendant permitted "Tim" to examine the marijuana and take what he wanted, he stated that he refused to accept any money or become otherwise involved. After "Tim" left, the defendant went to bed until the subsequent arrival of the police. The defendant specifically denied selling the marijuana to anyone or discussing the establishment of a dealership.

The defendant's first assignment of error is that the trial court erred in failing to sustain the defendant's plea of double jeopardy. In a previous case, (CRF–75–363), the defendant was convicted of possession with intent to distribute, an offense which arose on the same night as the offense charged in the case presently on appeal. The defendant contends that possession with the intent to distribute is merely an element of the crime of distribution, and this Court in *Estep v. State,* 11 Okl.Cr. 103, 143 P. 64 (1914) stated that:

"A series of criminal charges cannot . . . be based upon the same criminal act or transaction; a single criminal act cannot be split up or subdivided into two or more distinct offenses . . . ."

█ This rule is one of long standing in the courts of Oklahoma, and this Court has no intention of overruling it, but we find that the instant case does not properly fall within this rule. It is true that the defendant could not be charged and convicted of the separate crime of possession with intent to distribute the same marijuana which was sold to agent Kelson and upon which the instant case is based. *Heldenbrand v. Mills,* Okl.Cr., 476 P.2d 375 (1970). However, that is not the situation involved here. The charge of possession with intent to distribute was not based upon the marijuana bought and removed by agent Kelson, but instead was based upon marijuana subse-

quently found in the possession of the defendant. See case No. CRF–75–363. This constituted an entirely different transaction; the possession of the marijuana which was the basis for one charge was not a necessary element in the conviction of the other.

This Court stated in *Hill v. State*, Okl.Cr., 511 P.2d 604 (1973) that:

"As a general statement of the Oklahoma law regarding constitutional prohibition of twice placing the accused in jeopardy, we observe two fundamental elements. First, there must be successive subjection to jeopardy. Second, in each instance the offense must be one and the same. The second prosecution must be for the identical act and crime both in law and fact for which the first prosecution was instituted. . . . Unless the offense, in its entirety, is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other."

Also see *Ryan v. State*, Okl.Cr., 473 P.2d 322 (1970).

For the above reasons, we find the defendant's first assignment of error to be without merit.

The defendant also assigns as error the trial court's allowance of the prosecutor to obtain testimony of a witness who was not present or subject to cross-examination. The defendant bases this contention on the fact that the trial court allowed the prosecution to elicit, from the defendant on cross-examination, testimony of a witness at a previous trial without following the guidelines set out by this Court in *Smith v. State*, Okl.Cr., 546 P.2d 267 (1976).

■ The guidelines set out by this Court in *Smith v. State*, supra, are primarily designed to see that the defendant's right to confrontation is satisfied by insuring that the defendant had an adequate opportunity to cross-examine the witness, under oath, during the previous hearing and that the witness is unavailable for testimony at the present trial. Unless this predicate is laid, testimony at a previous trial is not admissible.

■ This evidence could not have been admitted as a category of impeachment evidence which falls outside the realm of hearsay because any effect of a contradictory statement by a witness other than the witness being impeached depends upon the weight given by the jury to credibility of the conflicting statements. Therefore, we feel that the defendant should not have been deprived of his right of confrontation. Furthermore, assuming arguendo, that it was admissible as proper impeachment of the witness, the court committed error by failure to give a limiting instruction.

■ If the State had put on a proper predicate as provided in *Smith v. State*, supra, after proper showing of unavailability, it could have introduced a transcript of the previous testimony in question as substantive evidence as well as any incidental value for impeachment purposes. However, since a proper predicate was not provided, we find that the court committed error by admitting such evidence over the objection of the defendant.

■ The defendant next asserts that the trial court committed error by allowing the prosecution to cross-examine the defendant concerning the failure of the defendant to tell his side of the story prior to testifying at trial. Clearly, use of the defendant's post arrest silence to impeach the defendant's testimony was error.

■ This Court held in *Buchanan v. State*, Okl.Cr., 523 P.2d 1134 (1974) that a defendant has a clear constitutional right to remain silent from the moment he becomes a suspect. Any comment upon the defendant's failure to make a statement or to raise the defense of an alibi prior to trial constitutes error. Also see *Miles v. State*, Okl. Cr., 525 P.2d 1249 (1974).

■ Furthermore, since these Oklahoma cases were cited, the Supreme Court of the United States has made a definitive ruling

on this issue. In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), wherein the defendant was questioned concerning his post arrest silence for the purpose of impeachment, the Supreme Court of the United States ruled that the due process clause of the Fourteenth Amendment was violated. Silence in the wake of *Miranda* warnings can be construed as nothing more than an exercise of these *Miranda* rights.

█ It is clearly apparent after a review of the record that, without reaching a decision on whether the errors reviewed above would require a reversal standing alone, the cumulative effects of these errors resulted in the prejudice of the defendant's rights to such a degree that he was deprived of a fair trial. The defendant's defense was based entirely upon his testimony that he was not in control or dominion of the marijuana, and the errors appealed from involved the improper admission of testimony which was meant directly or indirectly to contradict this testimony.

Due to the determinative nature of the assignments of error reviewed above, this Court need not address the remainder of the errors assigned by the defendant in his brief.

For the above and foregoing reasons, the judgment and sentence of the court below is hereby REVERSED AND REMANDED FOR A NEW TRIAL not inconsistent with this opinion.

BRETT, P. J., and BLISS, J., concur.