Elbert Emil JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–441.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1980.

Rehearing Denied Jan. 19, 1981.

roneously denied instructing the jury on the issue of defendant's sanity at the time of the homicide.

█ Defendant attempted during cross-examination to elicit testimony regarding Mr. Walton's opinion of the defendant's ability to distinguish between right and wrong at the time of the shooting to which the trial court sustained an objection. While it is true that a non-expert witness may state after testifying to the acts, conduct and appearance of the defendant whether such acts, conduct and appearance impressed him as being rational or irrational a proper foundation must be laid upon which the trial judge determines whether the proffered testimony justifies an inference of insanity. *Rice v. State*, 80 Okl.Cr. 277, 158 P.2d 912 (1945). As stated in *Lac Coarce v. State*, Okl.Cr., 309 P.2d 1113 (1957), a proper predicate must be laid for a non-expert witness to state his opinion upon the issue of a defendant's sanity.

█ In the case before us we have carefully examined the evidence presented and find that the trial court did not erroneously restrict defense counsel during cross-examination of Mr. Walton. Had defendant wished to pursue the matter he could have called Mr. Walton as his own witness or other witnesses attempting thereby to establish *a proper foundation* upon which the witness could render an opinion on the issue of defendant's sanity. We note also the testimony of defendant; however, this testimony was insufficient to rebut the presumption of sanity. There was no mention during defendant's opening statement that he intended to present a defense of insanity. The defendant cannot be heard now to complain of the court's refusal to give instructions on insanity when no independent evidence was presented tending to prove insanity. *Stevenson v. State*, Okl.Cr., 486 P.2d 646 (1971). We therefore conclude that defendant's first assignment of error is not supported by fact or law and is accordingly without merit.

█ We next address defendant's contention that the trial court's instructions

Rodney A. Sherrer, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

On appeal from a conviction for Murder in the First Degree in Oklahoma County District Court Case No. CRF–78–4422, wherein punishment was fixed at life imprisonment, appellant Elbert Emil Johnson, hereinafter referred to as defendant, contends in his first assignment of error that the trial court erroneously restricted his cross-examination of witness Donald Walton thereby depriving him of presenting the defense of insanity. In addition thereto defendant contends that the trial court er-

concerning the issue of intoxication misstated the law to the jury thereby confusing the issue to such an extent that defendant did not receive a fair trial.

The particular instruction to which defendant objects, Instruction No. 5, provided:

> Voluntary intoxication is not a defense to the commission of a crime, but if the defendant was intoxicated to the degree that he was incapable of malice, or of entertaining a pre-meditated design to effect the death of the deceased, the element of malice aforethought, in the charge of Murder In The First Degree, is lacking.
>
> "Voluntary intoxication is not a defense to the elements of homicide including the act being committed in a heat of passion, in a cruel and unusual manner, or by means of a dangerous weapon.
>
> "Mere intoxication is not sufficient to render a person incapable of malice or entertaining a pre-meditated design to effect the death of another. In this case whether the defendant was intoxicated to the degree of rendering himself incapable of malice or entertaining the design set forth in the first paragraph of this instruction, is for the jury to determine from all of the evidence."

The above instruction when considered with the other instructions given by the court sufficiently addressed the law pertaining to intoxication and homicide. In *Sharp v. State*, Okl.Cr., 407 P.2d 593 (1965), we held in our syllabus:

> "Evidence of intoxication is admissible to show an absence of the premeditated design to kill, for the purpose of determining whether the offense was murder or manslaughter, and a state of intoxication which will reduce homicide from murder to manslaughter in the first degree must be of such character and extent as to render the defendant incapable of entertaining or forming a design to effect death. And this question is for the jury to determine."

For the reasons set out above, it is the opinion of this Court that the trial court adequately instructed the jury on the issue of intoxication and homicide.

■ In defendant's third and fourth assignments of error he contends that the trial court's instructions were erroneous on the issue of the lesser included offense of manslaughter in the first degree and that said instructions failed to properly submit to the jury the issue of circumstantial evidence of malice aforethought. These contentions are totally without merit. When the instructions given by the trial court fairly and fully present the issues involved additional requested instructions are properly refused.[1] *Fish v. State*, Okl.Cr., 505

1. In pertinent part, Instruction No. 3 provides:
   "The term 'malice aforethought' means a predetermination of intent to commit the act of which the defendant is charged. It exists when the person doing the act has an intention to cause the death of, or any grievous bodily injury to any person. Such malice may be formed simultaneously with the committing of the act.
   "The presence of malice aforethought may be determined from the acts and conduct of the defendant and all of the surrounding circumstances."
   Instruction No. 4 provides:
   "Although not set forth in the information, in so many words, the charge of Murder In The First Degree includes the lesser offense of Manslaughter In The First Degree.
   "Manslaughter In The First Degree is defined as homicide when perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner or by means of a dangerous weapon.
   "A pistol, loaded with cartridges and bullits, [sic] is within it's self [sic] a dangerous weapon.
   "The first issue submitted to you is whether the defendant committed the crime of Murder In The First Degree, as defined in these instructions. If you find the defendant guilty of Murder In The First Degree you will indicate your finding on verdict form number one (1), and in which verdict you will fix the penalty to be imposed.
   "If you fail to find the defendant guilty of Murder In The First Degree then you shall consider whether the defendant is guilty of the lesser included offense of Manslaughter In The First Degree. If you find the defendant guilty of the included offense of Manslaughter In The First Degree you shall indicate your finding by the use of verdict form

P.2d 490 (1973); *York v. State*, Okl.Cr., 449 P.2d 927 (1969).

▇ In his fifth assignment of error defendant contends that the trial court erroneously overruled his motion for mistrial urging in support thereof that the prosecuting attorney committed reversible error during his closing argument to the jury. That part of closing argument which is alleged objectionable appears in the transcript of trial as follows:

> " 'Manslaughter in the first degree is defined as homicide when perpetrated without the design to effect death in the heat of passion, but in a cruel and unusual manner by means of a dangerous weapon.' You get into a fight with somebody and you knock them down and he hits his head on a rock and it kills him, you didn't mean to kill the man. You meant to hit him and you wanted to knock him down, but you didn't want him to hit his head on the rock. That's manslaughter in the first degree. You had no desire—
>
> "MR. RAVITZ: Objection.
>
> "THE COURT: Overruled.
>
> "MR. RAVITZ: We move for a mistrial.
>
> "THE COURT: Overruled.
>
> "You didn't mean to kill that individual but you did. You get into a fight with someone and that person dies. You didn't intend to kill him. That's manslaughter in the first degree. You didn't intend to kill him." (TR 155–156)

We have repeatedly held that counsel for both the State and the defendant have the right to discuss fully from their standpoint the evidence, and any inferences or deductions arising from it, and it is only when the State's argument is grossly improper and unwarranted upon some point which may affect the defendant's rights that reversal will be granted. *Peters v. State*, Okl.Cr., 586 P.2d 749 (1978); *Deason v. State*, Okl. Cr., 576 P.2d 778 (1978); *Parker v. State*, Okl.Cr., 556 P.2d 1298 (1976). Although prosecutors should not misstate evidence, express personal opinions, use arguments calculated to inflame the jury, or inject issues broader than guilt or innocence of an accused, they are permitted to comment upon the evidence and draw logical inferences therefrom. *Satepeahtaw v. State*, Okl.Cr., 595 P.2d 805 (1979).

▇ In the case before us the comments of the prosecutor were not grossly improper affecting the defendant's right to a fair trial. The evidence in this case overwhelmingly established defendant's guilt. Although there was a great deal of testimony concerning the amount of alcohol consumed by the defendant on the day of the homicide, the undisputed facts clearly reflect that the defendant after a minor conversation with the deceased left the club, went to his home, changed clothes, returned to the club with his gun, encountered the deceased a second time, escorted him into an annex area of the club, and unloaded a semi-automatic pistol into the body of the deceased. Under these circumstances we cannot say that the prosecutor's comments were not legitimate concerning the issue of whether

---

number two (2), and in your verdict you shall fix the penalty to be imposed.
"If you find the defendant guilty of homicide, but entertain a reasonable doubt as to which degree of homicide he is guilty you shall find him guilty of the lesser crime.
"Any finding of guilty must be by evidence that convinces you beyond a reasonable doubt."
Instruction No. 5A provides:
"The term 'heat of passion', as used in these instructions, means an emotional state of mind such as rage, anger, furious resentment, or terror rendering the mind incapable of cool reflection. Further, there must not have been sufficient time for the engendered 'heat of passion' to have cooled or subsided.

"The absence of malice, essential to reduce the crime from Murder In The First Degree to Manslaughter In The First Degree, requires that the defendant shall not have killed with a previously formed or deliberate purpose. Malice and heat of passion cannot co-exist.
"The distinction between Murder In The First Degree and Manslaughter In The First Degree is the dividing line between malicious action on one hand and in the heat of passion on the other. In determining whether the act which caused the death was impelled by malice or premeditated intention to kill or that the killing was impelled by a heat of passion, all the surrounding circumstances are to be considered by the jury."

the defendant was guilty of murder in the first degree or manslaughter and in his closing argument to the jury the prosecutor had a right to discuss, as he did, whether or not the deceased's life was extinguished in a premeditated manner. The weight and credibility of the testimony presented by the defendant himself was also a matter to be considered by the jury and as such, we do not consider the remarks of the prosecuting attorney as being outside the bounds of legitimate and proper closing argument under the circumstances in this case.

In his final assignment of error the defendant contends that the cumulative effect of the assigned errors are cause for reversal. We do not agree. For the reasons and authorities stated heretofore we are of the opinion that this assignment of error is completely devoid of merit.

For the reasons stated above the judgment and sentence appealed from should be, and the same is, hereby AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.