Charles Ray WATT, Appellant,

v.

The CITY OF OKLAHOMA
CITY, Appellee.

No. M–79–565.

Court of Criminal Appeals of Oklahoma.

April 23, 1981.

Ed McConnel, Oklahoma City, for appellant.

Fred H. Anderson, Assistant Municipal Counselor, Oklahoma City, for appellee.

MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant was convicted by a jury trial in the Municipal Court of Record for the City of Oklahoma City, their Case No. 79–023156, of Leaving the Scene of an Accident. His sentence was ten days in the city jail.

The two assignments of error will be consolidated because they focus on the same problem: that is, the comment by a prosecutor on the constitutional right of a defendant to remain silent following his arrest and acknowledgement of the *Miranda* warnings. When the appellant testified, he explained that he had loaned his car to a friend prior to and including the time of the accident. On cross-examination, the City's attorney asked: "Since that time, have you come forward to the Oklahoma City Police Department and let them know that someone else was driving your car?" Following the appellant's objection, the prosecutor continued in the presence of the jury, ". . . [T]he man has been charged with a crime, and he has evidence that would prove his innocence. I think it would only be natural that that individual would come forward and clarify the matter." The defense requested the judge to admonish the jury not to consider this statement and the judge

complied. With that, the defense rested, and, following instructions, the City delivered its closing argument. During this closing argument, the following comment was made: "... [I]f I was Mr. Watt, if I was charged with a crime and I knew that there was a witness out there to testify where I was and where my car was, I'd sure be getting her down here." Although the defense objected, the judge overruled the objection because the statement was made during closing argument.

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court held that it was error to question a defendant regarding his post-arrest silence for purposes of impeachment. This is a violation of his due process rights, and silence following the *Miranda* warnings is to be interpreted as an exercise of the *Miranda* rights. To comment on that exercise is to negate the rights given.

This Court has found error when the prosecution cross-examined the defendant regarding his failure to tell his side of the story prior to trial. *Warthen v. State*, 559 P.2d 483 (Okl.Cr.1977). Although the City tries to distinguish *Warthen* because the *Warthen* court did not admonish the jury, a reading of that opinion does not indicate whether there was an objection or an admonition, and the opinion does not indicate that an admonition would have cured the error. It has also been held that error is committed when the City comments on a defendant's exercise of his silence or his failure to raise a defense. *Miles v. State*, 525 P.2d 1249 (Okl.Cr.1974).

The improper cross-examination by the prosecutor in the case before this Court was further compounded by the prosecutor's statement in closing argument, to which the defendant's objection was overruled. The comment on the defendant's evidence, or lack of, must be viewed in light of the entire record. See *Baldwin v. State*, 519 P.2d 922 (Okl.Cr.1974), where there were several improper remarks, and *Thompson v. State*, 462 P.2d 299 (Okl.Cr. 1969). When the record is considered as a whole, it is apparent that the comment of

the prosecutor was not only prejudicial, but it was also intentional. The judge had already ruled that the question regarding the defendant's failure to present evidence in support of his defense was an improper raising of the defendant's right to remain silent. Then, for the City to continue by commenting on the defendant's failure to present the witness who could substantiate his defense, which was essentially the same issue about which he sought to question the defendant earlier, was to ignore the judge's earlier ruling.

These comments by the City's attorney did not pertain to punishment, making modification inappropriate. It is therefore necessary for this Court to reverse and remand for a new trial. In doing so, it is incumbent upon us to point out that the increasing abuse by the prosecutors across this State of a defendant's constitutional rights, during cross-examination and closing argument, does a disservice to our citizenry. The City had presented adequate evidence to convince this jury of the defendant's guilt. That position was needlessly jeopardized by the City's insistence on an unconstitutional line of questioning.

BUSSEY, J., concurs.

CORNISH, J., dissents.