Delbert N. ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–560.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1982.

Thomas J. Ray, Jr., Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Cr. Division, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Delbert N. Ellis, hereinafter referred to as the defendant, was convicted of Rape in

the First Degree, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–78–5362, was sentenced to twenty-five (25) years' imprisonment, and he appeals.

On November 13, 1978, the defendant and his father laid carpet in the home of the 82 year old victim. In the early morning hours of December 16, 1978, the victim was awakened by a man laying on top of her, who raped her and twisted her head in such a manner as to break her neck.

The investigating officers testified that in the victim's bed they found a length of hemp rope similar to that used by the carpet company where the defendant was employed. Also, several negroid hairs were found that were shown to be consistent with the hair of Ellis. A fingerprint taken from the scene of the crime was shown to be that of the defendant's.

■ In his first assignment of error, Ellis asserts that the trial court improperly admitted into evidence testimony concerning fingerprint evidence, and a statement made by him. He argues that this evidence was a result of an illegal arrest, and, therefore, the trial court's failure to sustain motions to suppress his fingerprint and statement are grounds that warrant reversal. The defendant bases his argument generally upon *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). However, *Dunaway* can be distinguished from the instant case because the *Dunaway* arrest was illegally made. Here, Ellis voluntarily consented to accompany the police officers to the station where a detailed fingerprint comparison was made. After a close review of the record, it is our opinion that sufficient evidence of the defendant's consent was presented to warrant the trial judge's overruling the motion to suppress the evidence. Therefore, this assignment of error is without merit.

■ In another assignment of error, the defendant complains of several statements made by the prosecutor during closing argument.[1] One of the comments was not properly objected to and is therefore waived. *Hill v. State*, 589 P.2d 1073 (Okl. Cr.1979). Further, after a careful review of the record we do not find that the remarks complained of warrant reversal. We have consistently held that the right of argument

1. The complained of comments are as follows:
   A) [PROSECUTOR]: 'You have a right to an attorney. You have a right to be silent. If you want to make a confession you can tell me, but you can stop at any time,' and when they took the statement they call in Monna Beard.
   She is a notary public and a stenographer. She was out in the hall today to testify, but—
   BY MR. RAVITZ: Objection, Judge. I don't know whether she was out in the hall today or not, but she wasn't here to testify.
   BY THE COURT: Well, there was no testimony from her. The only thing I can say again, collectively you will best recall the evidence.
   If either lawyer says anything that has no basis in the evidence, and I am not about to tell you what the evidence was because collectively you heard it and probably know it better than this Court, ignore it if it has no basis in the evidence.
   Proceed. (Tr. 294)
   B) [PROSECUTOR]: And of course our handwriting expert was available to testify today.
   BY MR. RAVITZ: Objection, Judge. I never saw a handwriting expert here. Again, he is sitting here testifying.

If he had anything to testify to, why didn't you put him on the stand?
BY THE COURT: Ladies and gentlemen of the jury—
BY MR. RICHARDSON: Because he didn't—
BY THE COURT: Counsel, one moment. You should limit your remarks to the evidence which was received and the logical inferences to be drawn therefrom. (Tr. 298)
C) [PROSECUTOR]: The evidence in the case was so strong and so overwhelming and so conclusive, that there could not only be no reasonable doubt, there could be no doubt at all that the man that did that atrocious and heinous rape that broke Mary Mabry's neck on that morning is Delbert Ellis who sits before you in this Courtroom just as bored as he can be with these proceedings.
BY MR. RAVITZ: Objection, Judge. May I approach the bench?
BY THE COURT: The jury will be admonished to disregard that personal observation which the Court doesn't know anything about. It was improper. You are to disregard it, put it out of your mind. (Tr. 304 & 305)

contemplates a liberal freedom of speech and that the range of argument is wide. *Deason v. State,* 576 P.2d 778 (Okl.Cr.1978). We have also held that both the counsel for the State and for the defense have the right to fully discuss, from their standpoint, the evidence and any inferences or deductions arising therefrom, and it is only when the State's argument is grossly improper and unwarranted upon some point which may affect the defendant's rights that reversal will be granted. *Johnson v. State,* 621 P.2d 1162 (Okl.Cr.1981); *Deason,* supra. This right does not, however, allow the State to bolster its arguments by implications which are not supported by the competent evidence offered at trial. *Green v. State,* 611 P.2d 262 (Okl.Cr.1980). The prosecutor went outside of the evidence offered at trial when he commented on certain witnesses that were available to testify, but did not do so, and improperly interjected his personal opinion when he said that the defendant sat before the jury, bored with the proceedings. However, in light of the evidence presented these remarks cannot be said to have determined the verdict, and we will not disturb it. *Green,* supra.

█ The defendant's final assignment of error contends that, through the use of an evidentiary harpoon, the State revealed to the jury that he had been questioned in a polygraph room.[2] The defendant argues that the use of the words "polygraph room" left in the mind of the jury an impression that he had taken and failed a polygraph examination. The statement made by the witness does not meet the criteria of an evidentiary harpoon found in *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980). The word "polygraph" in this instance was inadvertently used by the witness to describe a specific room. Further, any improper inference that the jury may have drawn from the statement was cured by the trial court's admonishment. *Kitchens v. State,* 513 P.2d 1300 (Okl.Cr.1973).

Accordingly, the judgment and sentence should be, and is hereby AFFIRMED.

CORNISH, J., concurs.

BRETT, P.J., Specially concurs.

BRETT, Presiding Judge, specially concurring.

I concur that this conviction should be affirmed. However, I believe the better statement concerning closing argument by the prosecutor provides that the prosecutor is entitled to draw *reasonable inferences* and make *reasonable comments* on the interpretations of the evidence. This is the standard most recently utilized by this Court in its decisions on the issue of prosecutorial conduct. *Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981); *Watt v. City of Oklahoma City,* 628 P.2d 371 (Okl.Cr.1981); and *Reeves v. State,* 601 P.2d 113 (Okl.Cr.1979). The standard of "liberal freedom of speech" and "wide range of argument" implies to many prosecutors that the door is left wide-open concerning closing argument.

2. Q. And what was it that you told Delbert Ellis in reference to why you were there to talk with him?
A. Rodney Marston and myself and Mr. Ellis went back to the polygraph room for an interview. When we got to the polygraph room I told Delbert, I said,—
BY MR. RAVITZ: Objection, Judge. I am going to object and may I approach the bench?
BY THE COURT: You may.
BY MR. RAVITZ: (At the bench) Comes now the defendant and moves for a mistrial on the grounds that this officer spoke about a polygraph and left an inference in the jury's mind that he may have been given a polygraph and that he failed the polygraph and that he may take a polygraph.

That evidence has been ruled inadmissible, and all polygraph comments have been ruled inadmissible by the Court of Criminal Appeals. We move for a mistrial based on that comment.
BY THE COURT: It will be overruled. Exception allowed, but the Court will admonish the jury.
Ladies and gentlemen of the jury, the witness just stated they went back to a polygraph room. The Court wants to advise you there was no polygraph involved in this case. One, there was none. Second, if there was any, the results are wholly inadmissible, and you couldn't consider them; but he was never asked to take one, as the Court understands it. Please proceed. (Tr. 218).