**Robert John BAUWENS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–80–735.**

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1983.

Patti Palmer, Deputy Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Robert John Bauwens, the appellant, was convicted in Osage County District Court Case No. CRF–79–141, of two counts of First Degree Rape, in violation of 21 O.S. 1981, § 1114; three counts of Crimes Against Nature, in violation of 21 O.S.1981, § 886 and two counts of Lewd Acts With a Child Under 14, in violation of 21 O.S.1981, § 1123. He was found guilty on each charge and sentenced to a total of seventy-five years' imprisonment.

On November 2, 1979, Odie Patton, a guest in Robert Bauwen's home, found approximately twelve (12) pictures depicting the appellant in various sexual poses with two young females. Mrs. Patton showed the photographs to Betty McCumbie, a neighbor, and told her where she had found them. Mrs. McCumbie recognized that the girls depicted were neighbor children, age eleven and nine. Mrs. McCumbie contacted the Osage County Sheriff on November 8, 1979, indicating what she had seen and where the pictures were located. Pursuant to this information, a search warrant was issued. A search of the appellant's home produced over forty-nine photographs depicting the appellant in various sexual poses with the two neighbor girls as well as others. The day after arrest, the appellant waived his rights and gave a statement identifying each picture and the individuals involved therein. The appellant did not testify at trial nor present any witnesses.

The appellant first asserts that insufficient probable cause existed for the issuance of the search warrant, therefore all of the evidence seized as a result of the search should have been suppressed. Specifically, the appellant alleges that the Affidavit for Search Warrant was defective because it incorrectly listed the photographs as depicting "Robert C. Bowen," not the appellant, Robert John Bauwens; and it did not state who showed Mrs. McCumbie the photographs, how she knew they were returned to the appellant's house, or where they were located in the house. Also, the affidavit did not state that Mrs. McCumbie observed the photographs upon the premises or that the appellant admitted to her that the photographs were on the premises.

▪ Standards for the determination of the constitutional sufficiency of an affidavit for a search warrant were promulgated in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The affidavit must inform the issuing magistrate of some of the underlying circumstances from which the informant concluded that a crime was occurring at the situs of the proposed search. In this case, the affidavit showed that Betty McCumbie, a good citizen with no felony record, had viewed photographs of "Robert C. Bowen" and two girls of minor age in various sex acts and that the photographs had been returned to the appellant's premises. Furthermore, before issuing the search warrant, the judge took oral testimony, sworn to under oath, supplemental to the affidavit. Based upon the totality of the circumstances, we agree that probable cause existed to issue the search warrant.

▪ The fact that the Affidavit for Search Warrant and the Search Warrant listed the appellant's name as "Robert C. Bowen" does not render the search defective. The premises to be searched were adequately described so that any error resulting from the incorrect name was harmless. An occupant's or owner's name need not be stated in a search warrant if the place to be searched is otherwise particularly described. *Doyle v. State,* 320 P.2d 727 (Okl.Cr.1958).

Secondly, the appellant contends that the trial court erred by failing to instruct the jury that no evidentiary weight could be placed on the appellant's failure to testify. However, *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), on which the appellant relies, held that upon proper request, a defendant is entitled to a cautionary instruction on his failure to testify. As no request was made for such an instruction in the present case, no error occurred by the trial court's failure to instruct.

Next, the appellant argues that the trial court's refusal to permit additional voir dire of the jury was error. During an in-chambers hearing on April 2, 1980, the morning after the presentation of all the evidence, defense counsel introduced as Exhibit No. 3, Section A, page 17, of the April 2, 1980, Tulsa Daily World. The article described pedophiliacs as "among the sickest" of people and concluded:

[O]ne of these days, the father of a little girl to whom you become 'attracted' may put a large hole in your head—and no jury would convict him.

The exhibit was offered in support of an oral motion to reopen voir dire of the jury for the limited purpose of inquiring if any of the jurors had read the column, and if any juror had read the column, what effect the column had on his or her judgment in this case.

The trial court was correct in overruling the appellant's motion. Every newspaper article that touches on issues of a trial does not mandate interrogation of the jury as to possible prejudice. Here, although dealing with the subject of pedophilia, the article itself was not factually similar to the present case. The article focused on the jury's decision about a father committing a crime against a pedophiliac, whereas here the pedophiliac, himself, had committed the crime. Moreover, the story did not refer to the appellant or his case specifically, but only a general class of persons. Since the article was not demonstrably prejudicial, the trial court had no reason to poll the jury.

The appellant also asserts as error improper argument by the prosecutor during closing argument. The statement complained of was:

Sure, there are unsolved cases. There are going to be more and there are going to be a lot of child abuse cases and there may be child murders [sic] unsolved. And there may be child murders that arise out of molestation cases unsolved.

The prosecutor is entitled to draw reasonable inferences and make reasonable comments on the interpretation of the evidence. *Cobbs v. State,* 629 P.2d 368 (Okl.Cr.1981); *Watt v. City of Oklahoma City,* 628 P.2d 371 (Okl.Cr.1981); *Reeves v. State,* 601 P.2d 113 (Okl.Cr.1979).

Here, the undisputed evidence clearly established that the appellant used absolutely no force on either of the victims, let alone took any action that would have placed their life in jeopardy. Therefore the reference of the prosecutor to unsolved child murders arising out of unsolved child molestation cases was outside the scope of the evidence and not a reasonable inference which could be drawn from the evidence. However, in light of the overwhelming evidence of guilt that was presented, and the relatively light sentences imposed for each individual crime, we will not disturb the judgment or sentence.

Finally, the appellant argues that even though no single reversible error is found, the sentence should be modified based on cumulative error. However, we do not find cumulative error in this case sufficient to justify modification. Therefore, the judgment and sentence appealed from is Affirmed.

BUSSEY and CORNISH, JJ., concur.