Lester REYNOLDS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–461.

Court of Criminal Appeals of Oklahoma.

April 21, 1986.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Lester Reynolds, was charged with six (6) counts of Indecent Proposal or Act to a Child in violation of 21 O.S.1981, § 1123 in Case No. CRF–83–92 in the District Court of Seminole County. The jury returned a verdict of guilty on two (2) counts and appellant was sentenced to five (5) years imprisonment on each count, the sentences to run concurrently, and he appeals.

Briefly stated the State's testimony at trial shows that appellant fondled and/or exposed himself to four children ages nine—eleven (9–11) while babysitting them. The mother of two of the children testified that on one occasion she left her children at appellant's home in the care of appellant and his wife for approximately six to eight

hours. The mother of the other two children testified that she used the Reynoldses as babysitters when she went to work and paid them twenty dollars ($20) per week. She denied owing them any money at the time of trial.

Appellant and his wife testified that they had never taken care of two of the children, but admitted babysitting for the other two children while their mother was working. Appellant further testified that he did not commit the acts charged, and denied ever receiving compensation from the mother who left her children with them while she worked.

■ In his first assignment of error, appellant contends that repeated improper comments[1] by the prosecuting attorney during closing arguments deprived the appellant of a fair trial. However, no objection was interposed at trial to any of these allegedly improper remarks. This Court has consistently held that when no objection is raised the appellant is deemed to have waived any objection, unless the remarks are fundamentally prejudicial. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). We find that the prosecutor's comments in this case are not fundamentally prejudicial, especially in light of the overwhelming evidence of appellant's guilt. Therefore, this assignment of error is without merit.

■ In his second assignment of error, appellant contends that the trial court erred in excluding from evidence the opinion testimony of Molly Thomas who had administered the Minnesota Multiphasic Personality Inventory to the appellant.

In support of this contention, appellant relies upon 12 O.S.1981, § 2405 which states in pertinent part:

A. Where evidence of a person's character or trait of character is admissible, proof may be by testimony as to reputation or by testimony in the form of opinion. Inquiry is allowable on cross-examination into relevant specific instances of conduct.

Appellant argues that since the trial court allowed appellant's neighbors and the son of his former landlord to testify concerning his character, the trial court should have allowed Molly Thomas to give her opinion concerning appellant's overt type behavior, and her opinion that if appellant did something wrong he would not be able to hide it.

However, in an in camera hearing, Ms. Thomas testified that her opinion was based solely upon a few interviews with appellant and the results of the Minnesota Multiphasic Personality Inventory Test. She further testified concerning her expertise, and details of the test, and her opinion based on the results. At the end of the hearing, the trial judge basically stated that he did not believe that 12 O.S.1981, § 2405 encompassed this type of opinion testimony; however, he gave appellant an opportunity to cite authority to substantiate the introduction of Ms. Thomas's testimony into evidence. Appellant did not cite any authority at that time, and he failed to cite any authority in his brief which demonstrates that the evidence is admissible.

The introduction or refusal of evidence is a matter for the exercise of discretion by the trial court, and the action of the trial court on such a matter will not be disturbed except for an abuse of discretion. *Haury v. State*, 533 P.2d 991, 995 (Okl.Cr. 1975).

---

1. The transcript reads in pertinent part as follows:

    And if we say, 'Don't come to court if anything happens to you, if you're ever abused, don't complain to any adults,' we just reinforce exactly what that Defendant said to those children. 'Don't tell anyone or you'll be in trouble or I'll hurt you.'

    \* \* \* \* \* \*

    Now, there are lessons to be learned. Certainly there are. And I don't think the lessons that the Defendant would give our children are the lessons that you want to be part of.

    \* \* \* \* \* \*

    'Our Lord tells us, 'Suffer the little children to come unto me.' He sure didn't mean this kind of suffering.'

The trial court did not abuse its discretion; therefore, this assignment of error is without merit.

Accordingly, for the above and foregoing reasons, the judgment and sentence is **AFFIRMED**.