Shannon HARTFIELD and Glen
William Herrod, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–233.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Shannon Hartfield and Glen William Herrod, were tried in the District Court of Oklahoma County for the crime of Murder in the First Degree in Case No. CRF–84–1830. The jury returned verdicts of guilty of Murder in the First Degree for appellant Herrod and guilty of Manslaughter in the First Degree for appellant Hartfield and set punishment at life imprisonment and seventy-five (75) years imprisonment, respectively. From these judgments and sentences, they appeal.

On the evening of April 6, 1984, appellant Hartfield, appellant Herrod, Mickey Holder and Jonathan Stewart attended a party at the house of Warren Coachman in Oklahoma City. Activities at the party included drinking alcohol, sniffing paint, and smoking marijuana. The party continued until 5:30 a.m. Saturday morning, April 7, and recommenced around 9:30 that same morning. Sometime between 2:00 p.m. and 4:00 p.m. that afternoon, Benjamin Long, a seventy (70) year-old neighbor of Coachman, came by the house and began drink-

ing with the group, and subsequently became intoxicated. Testimony revealed that Long made Holder angry when he offered Holder twenty-five dollars ($25.00) to "screw" his thirteen-year-old sister. Subsequently, Holder then jumped off of some steps about three feet high and hit Long, who was lying down, in the shoulder with his knee. Long then apparently offended Stewart because he then jumped from a cabinet and hit Long with his foot in the middle of Long's back.

Following this incident, appellant Hartfield tried to make Long leave by "jerking him around" and hitting him in the face with his fists. After hitting him, appellant Hartfield kicked Long in the ribs several times and told him to leave. Long pleaded to be left alone, but appellant Hartfield then drug Long outside and continued to shove and kick him.

Holder and Stewart then went to the store to buy a can of paint, and upon their return, noticed that Long was back in the house wearing only a coat and shoes. Testimony further revealed that both appellants shoved a beer bottle up Long's rectum two or three times. Appellant Herrod then kicked Long in the jaw with his cowboy boots three or four times until it cracked. He further beat Long with his belt buckle by hitting him in the face, across the chest, between the legs and subsequently sliced Long's genital area with a pocket knife. After further beating, the group discovered that Long was dead. Upon hearing this information, Stewart and Holder left, and Coachman and both appellants placed the body in the trunk of appellant Herrod's car.

The three then left the next morning and buried the body in a field off of a dirt road near Coachman's grandparent's house in Wetumka, Oklahoma. Stewart and Holder notified police the day after the murder and subsequently, the appellants and Coachman were arrested.

In their first assignment of error, the appellants contend that the trial court committed reversible error in failing to give an instruction on criminal responsibility.[1] They assert that this instruction should have been given as a result of the claim that prior contact between the deceased and Holder and Stewart caused the death. Evidence revealed that prior to the appellants beating of the deceased, he was struck in the shoulder area one time by Holder and one time in the back by Stewart. Although these incidents were not physically beneficial to Long, his life was not in jeopardy until after the appellants initiated their beating to the face and abdomen. The testimony of Dr. Choi, an expert forensic pathologist with the medical examiner's office, revealed that the cause of death resulted from blows to the head. From the evidence presented, the trial court found that the appellants had not presented sufficient evidence to warrant the requested instruction.

The instructions that were given by the trial court, when considered in their entirety, did sufficiently apprise the jury of the applicable law supported by the evidence, and the instructions specifically complied with those instructions listed in the Oklahoma Uniform Jury Instructions, in addition to Oklahoma case law. Moreover, it is well established that the determination of which instructions will be given to the jury is a matter within the discretion of the trial court, provided that the instructions given fairly and correctly state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl. Cr.1983). This assignment is without merit.

Secondly, the appellants contend that statements made by the prosecution during closing arguments were improper and therefore were prejudicial to them and deprived them of a fair trial. They assert that references to their guilt, as well as a

---

1. The requested instruction states that:

A person is not criminally responsible for a homicide unless the State of Oklahoma proves to your satisfaction beyond a reasonable doubt that the act of the defendant was in fact the actual cause of death. Although one may have feloniously assaulted, beaten, or wounded another, he is not deemed guilty of homicide where the death of such other person results proximately from a wound inflicted by another person or from some other intervening cause.

witnesses' police statement not introduced as evidence, warrant reversal. We disagree. At the outset we note that the appellants failed to make timely objections to the statements offered by prosecution during closing arguments. No objection was made by the appellants until after the argument had concluded, and the jury had retired to deliberate. At that point, the appellants moved for a mistrial. This Court has repeatedly held that failure to timely object and request an admonishment waives any alleged error. *Reynolds v. State*, 717 P.2d 608 (Okl.Cr.1986). This assignment is meritless.

The appellants finally contend that the trial court abused its discretion in admitting a series of photographs into evidence which were irrelevant as well as prejudicial in nature. They assert that the photographs of the deceased were graphic illustrations of what the jury had already learned from the testimony of the witnesses, therefore it was error to allow their admission. We disagree. The photographs introduced served to illustrate for the jury the medical examiner's testimony, to show the nature and locations of the victim's wounds, to corroborate the testimony of other witnesses who saw the beatings and to demonstrate the force used upon the victim during the murder. These photographs were highly probative as to the testimony of Dr. Choi, who stated that the cause of death was most likely the result of blows to the facial area. They also corroborated the testimony offered at trial that the appellants attempted to dispose of the body by burying it.

The photographs presented as evidence were correctly admitted by the trial court as they were relevant and their probative value outweighed any danger of unfair prejudice to the appellants. Moreover, the question of whether the probative value of a photograph outweighs any possible prejudice is a matter following within the sound discretion of the trial court. Absent a clear abuse of that discretion, this Court will not disturb the court's ruling. *Glidewell v. State*, 626 P.2d 1351 (Okl.Cr.1981). This assignment is groundless.

The judgments and sentences are AFFIRMED.

BRETT, P.J., and PARKS, J., concur.