**Curtis Lee SMITH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–567.

Court of Criminal Appeals of Oklahoma.

Aug. 12, 1988.

Anne M. Moore, Asst. Appellant Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Curtis Lee Smith, was tried and convicted in the District Court of Okmulgee County of Burglary, Second Degree, After Former Conviction of Two or More Felonies pursuant to 21 O.S.1981, § 1435 and 21 O.S.1981, § 51, Case No. CRF–85–219, and was sentenced to seven (7) years imprisonment.

On the evening of September 22, 1985, the appellant approached two acquaintances, Michael Nelson and Frederick Hutson, with a scheme and an invitation "to make some quick money." He led Nelson and Hutson to a local beverage company warehouse and supervised while the two carried off two cases of bottles. He then directed Nelson to borrow his mother's pickup truck to carry the bottles away.

Hutson and the appellant were observed by a nearby resident while waiting for Nelson to return. The resident called the police, who arrived a short time later. Appellant and Hutson told the police officer that Nelson's grandmother had given them the bottles. While the officer was talking to the appellant and Hutson, Nelson arrived. When asked where the bottles had come from, Nelson contradicted the story given by the appellant and Hutson, saying they had found the bottles. The three were then arrested and taken to the police station.

Hutson and Nelson signed statements, confessing to their involvement in the scheme. They also testified as prosecution witnesses at appellant's trial. Appellant did not provide a written statement, denied any guilt, and offered no evidence or testimony at trial.

On appeal of his conviction and sentence, appellant presents one proposition of error. He argues that the trial court committed reversible error in allowing the prosecution to refer to, and offer testimony of, appellant's silence after being advised of his *Miranda* rights. Quite correctly, counsel for appellant states that such conduct is reversible error despite the weight and admissibility of additional evidence. *See Watt v. City of Oklahoma City*, 628 P.2d 371 (Okl.Cr.1981).

In *Watt*, this Court made it abundantly clear that we will not tolerate a prosecutor's knowing abuse of a criminal defendant's Constitutional rights. *Watt v. City of Oklahoma City*, 628 P.2d at 372. In a subsequent case, we held that a waiver of those rights "cannot be presumed from a silent record." *Williams v. State*, 673 P.2d 164, 165 (Okl.Cr.1983).

Here, however, the record is not silent. The trial transcript shows that the prosecutor did not institute this otherwise objectionable inquiry, but rather it was counsel for the defense who first brought the appellant's alleged post-arrest behavior into issue during cross-examination of the arresting officer.

At no time during direct examination did the prosecutor refer to any statement, or refusal to make a statement, by the appellant. Yet, on cross-examination, defense counsel initiated the following exchange:

Q: (by Defense counsel): Now, you talked with Mr. Smith at the police station did you not?

A: (by the arresting officer): Yes.

Q: Mr. Smith ever give you a signed waiver of these *Miranda Rights*?

A: No, sir, he refused to sign a written statement.

Q: He refused to sign even a waiver just to talk to you?

A: No, he—he talked.

Q: Did you ever present him with a waiver—

A: I asked him—

Q: —which fully explained to him his rights?

By the reporter: One at a time, please.

A: I asked him if he would like to make a written statement that would go along with what he had stated orally and he advised that—he just kind of hedged up and acted like he didn't want to so I didn't press him on it.

Q: But you didn't even ask him before talking with him if he would sign a written waiver just so that he understood what rights he had in that respect?

A: No, sir, his simple yes that he understood seemed sufficient."

Later, the defense counsel elicited the answer from the arresting officer that appellant had expressed his desire to make an oral statement to that officer. On redirect, the prosecutor confirmed the fact that appellant had been advised of his rights at least twice before speaking with the arresting officer.

It is clear from our reading of the transcript that the prosecutor did not refer to appellant's alleged post-arrest silence, but rather to appellant's post-*Miranda* oral declarations. These statements are properly admissible and were properly inquired into. *See Connecticut v. Barrett*, 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987), *citing Oregon v. Elstad*, 470 U.S. 298, 308, 105 S.Ct. 1285, 1292, 84 L.Ed.2d 222, 232 (1985).

The error complained of was invited by the appellant's counsel. Therefore, he cannot be heard to complain, on appeal, that the trial court erred in allowing the jury to hear this testimony. *Luker v. State*, 504 P.2d 1238 (Okl.Cr.1972). *See also Wolverton v. State*, 707 P.2d 46 (Okl.Cr.1985); *Cooper v. State*, 671 P.2d 1168 (Okl.Cr. 1983).

Appellant also complains that the prosecutor made reference to this lack of a signed waiver during his closing arguments to the jury. We note that counsel for the defense chose not to object to the comment. *See VanWoundenberg v. State*, 720 P.2d 328 (Okl.Cr.1986); *Reynolds v. State*, 717 P.2d 608, 609 (Okl.Cr.1986). We also note that, when read in context, the prosecutor's statements are more correctly interpreted as being directed to opposing counsel's emphasis on the lack of a signed waiver by appellant. This, at the worst, also constitutes invited error. *Wolverton v. State*, 707 P.2d 46 (Okl.Cr.1985).

For the reasons set out above, the judgment and sentence is accordingly AFFIRMED.

BRETT, P.J., and PARKS, J., concur.