**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN W. WILSON,

    Defendant - Appellant.

No. 97-5201

(D.C. No. 96-CR-114-K)

(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant-Appellant, Mr. Stephen Wilson, was charged with conspiracy to manufacture marijuana; manufacturing and possession with the intent to distribute marijuana; maintenance of a facility to facilitate manufacture and distribution of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

marijuana; criminal forfeiture; aiding and abetting; and possession of false identification documents.  Defendant filed a Motion to Suppress evidence obtained in three separate searches, alleging that the evidence was seized in violation of his Fourth Amendment rights.  Defendant's motion was granted in part and denied in part.  See R., Vol. I, Doc. 38 at 18.  Defendant then entered into a plea agreement which provided that he plead guilty to the manufacture of marijuana by production, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and aiding and abetting, in violation of 18 U.S.C. § 2.  Also pursuant to the plea agreement, the other charges against Defendant were dismissed.  See R., Vol. I, Doc. 65: Appellee's Br. at 2.  The district court sentenced Defendant to sixty months imprisonment.

Defendant appeals the district court's denial of his motion to suppress evidence seized pursuant to a search warrant.[1]  He contends that the warrant was obtained through the use of an affidavit which contained false and misleading statements.  Defendant argues that the court erred in concluding that the warrant contained probable cause to search after several false and misleading statements

---

[1]Because we find Appellant's Pro-Se Supplemental Brief redundant and unnecessary, we deny both his Motion for Leave to File a Pro-Se Supplemental Brief and his Motion for Leave to File Corrections in his Supplemental Brief.  We have reviewed Appellant's Motion for Substitution of Counsel Due to Ineffective Assistance and find it to be without merit.  Because we have considered and disposed of the issue Appellant complains his counsel has not raised, we deny Appellant's Motion for Substitution of Counsel.

were redacted from the affidavit.  See Appellant's Br. at 1.  Defendant also appeals the district court's refusal to apply U.S. Sentencing Guideline [U.S.S.G.] § 5C1.2 to his sentence even though the presentence report indicated that Defendant met the criteria for this adjustment.  See R., Vol. II at 12-13.

We review the district court's determination that a defendant is not eligible for a sentence reduction pursuant to section 5C1.2 for clear error.  See United States v. Roman-Zarate, 115 F.3d 778, 784 (10th Cir. 1997); United States v. Acosta-Olivas, 71 F.3d 375, 378 n.3 (10th Cir. 1995); United States v. Adu, 82 F.3d 119, 124 (6th Cir. 1996).  "'We believe that the district court's determination that a defendant is not eligible for the reduction permitted by sec[tion] 5C1.2 ought to be governed by the clearly erroneous standard.  The court's determination . . . will often depend on credibility determinations that cannot be replicated with the same accuracy on appeal.'" Acosta-Olivas, 71 F.3d at 378 n.3 (quoting United States v. Rodriguez, 69 F.3d 136, 144 (7th Cir. 1995)).  The district court's decision in this case was based on Defendant's credibility.  See R., Vol. I, Doc. 65 at 5 ("The Court finds the defendant did not provide truthful information concerning the offense to the Government before the time of the sentencing hearing.").  The court's determination that Defendant was not volunteering the complete truth about his acts is supported by evidence in the record.  See id., Vol. I, Doc. 63 at Ex. B (Defendant's statement avowing that all

-3-

of the marijuana found was intended for personal use for himself, his brother, and his father; and that the false documentation found in his possession was to obtain rental property); Vol. VIII at 7 (Defendant stipulates to quantity of 800 plants). We hold that the decision to refuse Defendant this adjustment to his sentence was not clearly erroneous. See United States v. White, 119 F.3d 70, 74 (1st Cir. 1997); United States v. Wilson, 114 F.3d 429, 432 (4th Cir. 1997); Adu, 82 F.3d at 124-25.

"We must review [a] magistrate's finding of probable cause to issue [a] search warrant with 'great deference.'" United States v. Orr, 864 F.2d 1505, 1508 (10th Cir. 1988) (quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). "We do not review a magistrate's determination of probable cause *de novo*; we decide whether the evidence viewed as a whole provided a substantial basis for the Magistrate's finding." United States v. Richardson, 86 F.3d 1537, 1545 (10th Cir.), cert. denied, ____ U.S. ____, 117 S. Ct. 588 (1996) (internal quotations omitted); see also Gates, 462 U.S. at 236-37; United States v. Mills, 29 F.3d 545, 547 (10th Cir. 1994). The substantial basis test is satisfied if "there is a fair probability that evidence of a crime will be found" during the search. United States v. Reyes, 798 F.2d 380, 382 (10th Cir. 1986); see also Gates, 462 U.S. at 236. When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government. See United States v. Villa-Chaparro,

115 F.3d 797, 800-01 (10th Cir.), cert. denied, ___ U.S. ___ , 118 S. Ct. 326 (1997); United States v. Anderson, 114 F.3d 1059, 1063 (10th Cir. 1997).

Defendant contends that after the false statements were redacted from the affidavit supporting the warrant and the affidavit's omissions of fact were corrected there was insufficient evidence of probable cause to issue the warrant. If a defendant establishes that false statements included in an affidavit supporting a search warrant were made knowingly or with reckless disregard for the truth, and that the false statement was necessary to the finding of probable cause, the evidence seized during the resultant search must be excluded to the same extent that exclusion is warranted when probable cause is lacking on the face of the affidavit. See United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997) (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). Additionally, this court has held "that the standards of 'deliberate falsehood' and 'reckless disregard' set forth in Franks apply 'to material omissions, as well as affirmative falsehoods.'" Kennedy, 131 F.3d at 1376 (quoting Stewart v. Donges, 915 F.2d 572, 582 (10th Cir. 1990)). However, to be granted a motion to suppress pursuant to the holding in Franks, the defendant must prove that the affidavit at issue "cannot support a finding of probable cause without the allegedly false information." United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir. 1994); see United States v. Morehead, 959 F.2d 1489, 1498 (10th Cir. 1992); Stewart, 915

-5-

F.2d at 582.

We agree with the district court that the corrected affidavit was sufficient for the magistrate judge to find probable cause to issue a search warrant. See R., Vol. I, Doc. 38 at 2-10. The affiant's statement that during an aerial flyover he viewed marijuana plants on land where Defendant resided and the other statements in the affidavit that Defendant exhibited behavior consistent with those involved in the production of marijuana established a fair probability that a crime was being committed and support a finding of probable cause. See United States v. Emmons, 24 F.3d 1210, 1215 (10th Cir. 1994) (holding that discovery of large quantities of marijuana on the defendant's property was enough to support finding of probable cause); Morehead, 959 F.2d at 1498 (holding that "officers' observations of marijuana plants in the trailer and shop building adjacent to the [defendant's] residence" provided a substantial basis for the conclusion that there was a fair probability that evidence of a crime would be found); Mason v. United States, 719 F.2d 1485, 1488 (10th Cir. 1983) (holding that report of suspicious activity, defendants acting nervously, and the discovery of drug paraphernalia in the defendants' rooms established probable cause); United States v. Ramos, 923 F.2d 1346, 1351 (9th Cir. 1991) ("Probable cause to justify a search warrant exists when there is a sufficient showing that incriminating items are located on the property to which entry is sought.").

Defendant's claim that the warrant was issued without probable cause because it failed to state that his common-law wife was the owner of the real property to be searched is not valid. The district court noted that attachments to the warrant included the county records noting the owner of the property. See R., Vol. I, Doc. 38 at 7; see also id., Doc. 7 at Ex. 1. Therefore, any "omission" of this information in the affidavit supporting the warrant or the warrant itself is immaterial because the issuing magistrate judge had that information at the time that he signed the warrant.[2]

We find no error in the district court's conclusions of law or fact. Therefore, Defendant's conviction and sentence are **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[2]We also note that the warrant satisfied Oklahoma law. See 22 Okla. Stat. § 1223; Bauwens v. State, 657 P.2d 176, 178 (Okla. Crim. App. 1983); Doyle v. State, 320 P.2d 727, 729 (Okla. Crim. App. 1958); Cook v. State, 132 P.2d 349, 350-51 (Okla. Crim. App. 1942).