**Raymond Lee PEKAH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–308.**

Court of Criminal Appeals of Oklahoma.

March 16, 1983.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Ross Plourde, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, Raymond Lee Pekah, was convicted in Comanche County District Court, Case No. CRF–81–459, of Robbery with a Firearm, After Former Conviction of Two or More Felonies, was sentenced to forty (40) years' imprisonment, and he appeals.

Briefly stated, the pertinent facts of this case are that at trial the bartender and the two patrons who were present in Glen's Lounge, in Lawton, at approximately 2:30 p.m. on July 18, 1981, positively identified the appellant as one of the two men who robbed the lounge at that time of a little over $200.00, by using a pistol and a knife and threatening to kill them.

Officer J.D. Pickens testified that he and another officer arrested the appellant in an alley about two blocks from Glen's Lounge, shortly after they had received a police radio broadcast alerting them that an armed robbery had just occurred at the lounge. The appellant, an Indian male who was wearing a blue bandana, a white tank-top type shirt with orange trim and red jogging shorts, fit the description of one of the suspects who had committed the armed robbery.

In addition, $210.70 was found in a backyard near a doghouse located within twenty-five feet from the place where the appellant was arrested.

### I.

In one of his assignments of error, the appellant alleges that he was denied his constitutional right to confront and cross-examine a witness against him when the prosecutor questioned the appellant's common-law wife about alleged statements made by a person not called as a witness. We note that the questioning which the appellant now complains of occurred during cross-examination of an alibi witness, and that only one question was objected to at trial. This Court has long recognized the general rule that objections must be made in order to preserve an error for appeal. See, *Gaines v. State,* 568 P.2d 1290 (Okl.Cr. 1977); and, *Davis v. State,* 514 P.2d 1195 (Okl.Cr.1973), and cases cited therein. Further, the record reveals that the single non-specific objection that was interposed,[1] was

---

1. The record reveals the following:

Q. Okay. And after Raymond left, you and Sandra went over to the Caprice Lounge, didn't you?

sustained by the trial court, and the appellant did not seek an admonishment from the court. As this Court has often stated, in a situation such as the one now before us, a defense counsel must not only object but must also request the court to take such action as is necessary to correct the error. Since the appellant did not make a specific objection nor request an admonishment, this alleged error has not been properly preserved. 12 O.S.1981, § 2104(A)(1); see also, *Stedman v. State,* 568 P.2d 350 (Okl. Cr.1977), and cases cited therein. This assignment of error is without merit.

## II.

■ In another assignment of error, the appellant claims that comments by the prosecutor were designed to inflame the jury and to increase his punishment. A thorough review of the record reveals that the comments were made during the second stage of a bifurcated proceeding, and at trial an objection was entered to only one of the prosecutorial comments. Failure to object to the remarks constitutes a waiver of error unless the error is of a fundamental magnitude; we find that none of the statements violated a substantial right of the appellant that would require reversal or modification. See, *Odum v. State,* 651 P.2d 703 (Okl.Cr.1982).

Further, the record discloses that the objected to comment, made by the prosecutor during his recross-examination of the appellant, was invited by the defense and was

A. Where he was at.
Q. What?
A. I say where he was at.
Q. Well, now, didn't you go there, not find Raymond at the Caprice Lounge?
A. No. He was leaving.
Q. You know why Sandra would have said that you went to the Caprice Lounge and—
    MR. STEIN: Objection, your Honor.
Q. —did not find Raymond there?
A. No.
    THE COURT: Be sustained. (Tr. 120)

2. The record discloses the following:
    REDIRECT EXAMINATION
BY MR. STEIN:
Q. Let's go to you only spent—spent 'only' five and a half years in prison. It's easy for him to say, isn't it?

properly sustained by the trial court.[2] No admonition of the jury was sought by the defense and no substantial right of the appellant was violated. This assignment of error is without merit.

## III.

■ Next, the appellant argues that he was deprived of his right to a fair and impartial verdict when the trial court refused to declare a mistrial or to send the jury back for additional deliberation when the jury signed both verdict forms. We do not agree.

The record shows that the jury announced that they had reached a verdict after the first stage of the proceeding, and that the jury foreman had signed both the guilty and the not guilty verdict forms. When the trial judge realized what had occurred he immediately asked the foreman, "Which of these two verdict forms am I to be governed by?"; to which the foreman replied, "The guilty one, Sir." The judge then asked each juror if he or she agreed that the guilty verdict was the proper verdict, to which the individual jurors responded that the guilty verdict was the correct verdict. The trial court next asked the jurors if the verdict of not guilty should be disregarded, to which each juror answered that the verdict of not guilty should indeed be disregarded. The jury foreman proceeded to write, "Void, we find him guilty" on the not guilty verdict. Although

A. Yeah, it is. (Tr. 168)
         *   *   *   *   *   *
         RECROSS–EXAMINATION
BY MR. PERRINE:
Q. It may be easy for me to say five and a half years only, Mr. Pekay, but do you mind if I get a little incensed when I see that you've been convicted of six felonies and you—
MR. STEIN: Objection.
Q. —haven't spent up to a year in prison on—
MR. STEIN: Badgering the witness.
Q. —each one of them?
THE COURT: Just a minute. I'll sustain the objection. (Tr. 169).

it might have been the better practice to send the jury back to the jury room to correct their mistake, we find that the end result of the process utilized by the trial court was a clear unambiguous verdict of guilt. See, *Jones v. State,* 610 P.2d 818 (Okl.Cr.1980), and cases cited therein. It would appear that the trial counsel also found the verdict to be lacking in ambiguity as he stated; "No. I've heard," when the judge asked him if he desired to have the jury polled. This assignment of error is without merit.

## IV.

■ Lastly, the appellant alleges that the sentence imposed upon him was excessive because evidence of two prior convictions was improperly used to enhance his punishment. Even if the appellant's allegation that two of his prior convictions were improperly admitted would be accepted as correct, which we decline to do, there remains three (3) other prior felonies that the appellant admits are valid. Thus, there was ample evidence presented to support the verdict and the punishment imposed. This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED. We note that there is a discrepancy in the judgment and sentence, in that it erroneously shows that the defendant was convicted After Former Conviction of *a Felony,* whereas the verdict clearly shows that he was convicted After Former Conviction of *TWO OR MORE FELONIES;* the case is therefore REMANDED to the district court for a correction of the judgment and sentence.

CORNISH, J., concurs.

BRETT, J., concurs in results.