Howard JOPLIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–81–457.

Court of Criminal Appeals of Oklahoma.

May 11, 1983.

Don L. Wyatt, Ada, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Judge:

The appellant, Howard Joplin, was charged in Case No. CRF–80–301, in the District Court of Pittsburg County, Oklahoma, with the crime of attempted Assault and Battery with a Dangerous Weapon. He was tried by jury and found guilty of Attempted Assault and Battery. Punishment was set at 15 days imprisonment in the county jail and a fine of fifty dollars.

The offense in this case occurred when the appellant drove a car toward another car, occupied by an attorney and the appellant's daughter, forcing the other car off the highway. The incident was apparently precipitated by the fact that the occupants of the other car had been successful in locating the appellant minutes before at a woman's house after searching for him in order to have process served in a child custody case. The appellant had apparently been angered by being discovered by his daughter and had cursed at her before she fled from the woman's house.

We will combine several of the appellant's propositions for discussion as they all primarily contend that insufficient evidence was presented at trial to sustain a conviction for attempted assault and battery.

■ Initially, we note that we have searched the books and conclude that the offense of attempted assault and battery is not recognized by that name in this jurisdiction. By its definition, assault is an attempted battery, 21 O.S.1981, § 641, and battery is an assault that culminates in "force or violence upon the person of another." 21 O.S.1981, § 642. To perform an act towards the commission of a battery is to commit an assault. The information charging the appellant, the evidence presented at trial, and the instructions given to the jury indicate that the appellant was tried for the crime of assault with a dangerous weapon pursuant to 21 O.S.1971, § 645 and convicted of assault pursuant to 21 O.S.1971, § 641.

■ Since the defense presented evidence at trial, this Court need not address the issue of whether the trial court erred in overruling the appellant's demurrer to the evidence. *Maynard v. State,* 625 P.2d 111 (Okl.Cr.1981). Instead, the only issue to address is whether a prima facie case was established, and thus, properly submitted to the trier of fact. *Hunt v. State,* 601 P.2d 464 (Okl.Cr.1979).

■ After reviewing the entire record we conclude that there was adequate evidence presented at trial to support the trial court overruling the motion for directed verdict and submitting the case to the jury. Assault is a crime that can be proved by showing a general intent to perform the act. *Morris v. State,* 515 P.2d 266 (Okl.Cr. 1973). In this regard the State's witnesses both testified that the appellant drove his car directly toward them forcing their car off the highway. Additionally, the testimony of Ms. Joplin indicated that the appellant was angry over the fact that she had discovered his whereabouts. We acknowledge the fact that testimony for the defense conflicted with the State's witness'

testimony. Nevertheless, a prima facie case was established and all issues of fact were properly submitted to the jury for determination. The appellant's combined propositions of error are meritless.

■ Next, the appellant alleges that the trial judge and one of the complaining witnesses were named as parties defendant in a civil action pending at the time of trial which created bias and prejudice on their part toward the appellant. This allegation is completely unsupported by the record provided to this Court. Mere assertions of error are insufficient to raise issues for consideration. This proposition of error is meritless.

In accordance with the above, this Court directs the District Court of Pittsburg County to correct the judgment to reflect that the appellant was convicted of assault. The judgment, as corrected, and sentence is AFFIRMED.

BUSSEY, P.J., concurs.

CORNISH, J., not participating.