**Paul Frank WOLVERTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–663.**

Court of Criminal Appeals of Oklahoma.

Oct. 8, 1985.

Alcoholic Influence."

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Paul Frank Wolverton, was convicted in the District Court of Oklahoma County, Case No. CRF-82-6011, of Robbery With Firearms, and was sentenced to six years' imprisonment, and he appeals.

Briefly stated, at approximately 1:30 a.m. on the morning of November 25, 1982, the eighteen-year-old appellant, who was armed with an unloaded automatic pistol and wearing a ski mask, entered the executive offices of the Hilton Inn Northwest in Oklahoma City and hid until a cocktail waitress from the hotel's club, and later the security guard who came to check on her, entered the office in which he was waiting. Not being satisfied with the $501.00 which the waitress was carrying, which were receipts from drinks and tips, he allowed her to leave to obtain the club's receipts, keeping the guard as a hostage and threatening to kill him if she did not return in five minutes. When she failed to return, he took the $501.00 and the guard and started to leave. Outside the office, he observed the police, who had been called by the club's management, and he returned to the office where the guard overpowered him and called in the police who arrested him.

Appellant's single assignment of error alleges improper comments by the prosecutor during closing arguments. He complains that the prosecutor told the jury the possible charges which could have been filed against the appellant, and stated that next to murder, armed robbery is the most serious crime in the statutes. The record shows that the appellant failed to object to any of the prosecutor's comments and therefore they have not been preserved for review. See, *Langdell v. State*, 657 P.2d 162 (Okl.Cr.1982). Furthermore, the remarks of the prosecutor were invited by the appellant's closing statement, since the defense initially "opened the door" to the fact that possibly other crimes had been committed, but not robbery with firearms. A party may not complain of an error which he himself has invited, or which he has expressly or impliedly waived. *Cooper v. State*, 671 P.2d 1168 (Okl.Cr.1983). Moreover, due to the overwhelming evidence of the appellant's guilt and the leniency of the sentence imposed, which was only one year over the statutory minimum, the appellant has not shown any prejudice. This assignment of error is without merit.

The judgment and sentence appealed from is AFFIRMED.

PARKS, P.J., and BRETT, J., concur.