Larry G. FAULKENBERRY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-84-187.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Eugene A. Barnes, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Larry Faulkenberry, appeals from his conviction in the District Court of Pontotoc County, Case No. CRF-83-106, where, in accordance with the jury's verdict, he was sentenced to a term of ten (10) years imprisonment.

The defendant argues as his sole assignment of error, that his punishment of ten (10) years for the crime of Assault and Battery with a Dangerous Weapon is excessive. We disagree.

The evidence discloses that the appellant had been acquainted with Velvie Gibson, a fourth degree black belt, who allegedly owed him money, and that on the 7th day of June, 1983, Gibson was riding in a van driven by the appellant. The evidence further discloses that the appellant stopped the van leaving the engine running, and that Gibson set himself in the driver's seat and shifted the gears in a manner which the appellant feared would cause him injury. When he complained to Gibson about his conduct, Gibson assumed a menacing karate stance, and the appellant produced a pistol and shot Gibson three (3) times.

Dr. James R. Glasgow, a local physician, confirmed Gibson had suffered critical injury, from three (3) gunshot wounds, necessitating medical treatment. A co-worker testified that the defendant admitted shooting somebody that deserved to be shot.

The ten year sentence imposed in this case is within the limits provided by statute. 21 O.S.Supp.1982, § 645 provides:

Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony punishable by imprisonment in the penitentiary not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year.

This Court has repeatedly stated that the question of excessiveness of punishment is to be determined by a study of all the facts and circumstances surrounding each individual case, and we do not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. *Edwards v. State*, 645 P.2d 528 (Okl.Cr.1982).

Considering the overwhelming evidence of the appellant's guilt and the fact that the appellant shot the unarmed victim three (3) times, we cannot say that the sentence imposed shocks the conscience of the Court.

Accordingly, the judgment and sentence appealed from is

AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, Specially Concurring:

The appellant presented evidence of self-defense as his answer to the State's proof. The jury, however, obviously believed the State's evidence that the appellant, for no apparent reason, shot Velvie Gibson three times, critically wounding him. Under that finding, the jury's infliction of the maximum punishment prescribed by law did not constitute an excessive sentence.