Donald R. SEALY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–682.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1986.

On Rehearing May 5, 1987.

John L. Clifton, IV, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William F. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant on rehearing.

Robert H. Henry, Atty. Gen., Oklahoma City, for appellee on rehearing.

## OPINION

PARKS, Presiding Judge:

The appellant, Donald R. Sealy, a/k/a, Seely, was charged, tried and convicted in the District Court of Okmulgee County, Case No. CRF–83–233, for the offense of Robbery With Firearms, After Former Conviction of Three Felonies. His punishment was fixed at a term of thirty (30) years imprisonment. We affirm.

Since the appellant challenges only the punishment stage of his trial, we dispense with the statement of facts.

### I.

In his first assignment of error, the appellant challenges the district court's jurisdiction to sentence him as a habitual criminal. The appellant challenges the court's jurisdiction on several grounds.

### A.

■ The appellant first contends that the failure of the district court to remand for further preliminary hearing, on the State's subsequent allegation of prior convictions, rendered it without jurisdiction to conduct the second stage proceedings. We disagree.

The appellant was charged at preliminary hearing and bound over for trial on the offense of Robbery With Firearms, 21 O.S.1981, § 801. Subsequent to the preliminary hearing, the State filed a Supplemental Information, which included the appellant's three prior convictions. The appellant was not afforded a preliminary hearing on the former convictions. At trial, the district court did not allow the State to enhance punishment under the Habitual Criminal Statute, 21 O.S.1981, § 51. *See*

*Carter v. State*, 292 P.2d 435 (Okl.Cr.1956). However, the court did permit the State to enhance punishment pursuant to the second paragraph of 21 O.S.1981, § 801. The decision of the trial court was proper.

Pursuant to this Court's decision in *Carter, id.*, the district court was prohibited from enhancing punishment under the Habitual Criminal Statute, since the appellant was not afforded a preliminary hearing on the issue of former convictions. However, this prohibition does not extend to enhancement pursuant to the second paragraph of section 801. A proper analogy may be drawn between this provision of section 801 and the procedure for enhancing punishment in first degree murder cases.

In addressing this issue in first degree murder cases, in *Brewer v. State*, 650 P.2d 54, 61 (Okl.Cr.1982), this Court stated:

[T]he leading case which espoused the fundamental right to preliminary hearings in AFCF [after former conviction of felony] cases, *Carter v. State*, 292 P.2d 435 (Okl.Cr.1956), cited by the appellant, is distinguishable from the cases brought under 2 O.S.1981, §§ 701.10 et seq. In *Carter*, we held that a preliminary hearing on AFCF charges is necessary because a defendant has a right to be informed of all possible punishments which he faces upon conviction of a certain offense. The enhanced penalty is not reflected in the particular statute defining the crime with which one is charged, thus the only way for a defendant to be informed of the potential enhanced penalty is through the preliminary hearing. However, 21 O.S.1981, § 701.9, states that, "A person who is convicted of or pleads guilty or nolo contendre [sic] to murder in the first degree shall be punished by death or imprisonment for life." Thus, a defendant charged with first degree murder in Oklahoma need only consult the statute to ascertain all possible penalties he faces.

Similarly in the instant case, the appellant need only consult section 801, of which he was charged. The second paragraph of section 801 provides in part:

Upon conviction therefor, any person guilty of three (3) separate and distinct felonies, in violation of this section shall suffer punishment by imprisonment for life, in the State Penitentiary, or for a period of time of not less than ten (10) years, and it is manditory upon the court to impose no less than the minimum sentence of ten (10) years....

Since the appellant had notice of the potential penalty that may be imposed for the offense, the spirit and policies underlying the *Carter* decision have been fulfilled. Accordingly, this contention is meritless.

### B.

■ The appellant next maintains that the trial court further lacked jurisdiction to sentence him under section 801 since a third prior conviction was never alleged by the State. The Supplemental Information explicitly mentions two prior offenses of embezzlement by bailee; one charge (of embezzlement by bailee) was stated as running concurrently with the offense of larceny of an automobile. This provided the appellant sufficient notice of a third offense for enhancement purposes.

At trial, however, the State did not present any evidence on the prior offense of larceny of an automobile. Instead, the State presented a judgment and sentence for a conviction of unauthorized use of a motor vehicle. The judgment and sentence was not objected to on the ground that it was not mentioned in the Supplemental Information. This Court has often held that objections must be made in order to preserve potential error for appeal. *Pekah v. State*, 660 P.2d 652 (Okl.Cr.1983). *See also* 12 O.S.1981, § 2104(A)(1). Therefore, any potential error is waived. Notwithstanding such waiver, the record discloses that the appellant was adequately prepared to challenge the prior conviction on grounds not herein asserted. Accordingly, we fail to find prejudice in the record and find this contention meritless.

### C.

The appellant next complains of the verdict forms delivered to the jury during the second stage of trial. The trial court delivered two verdict forms, either guilty or not guilty of "Commission of a Crime After Former Conviction of Three Prior and Separate Felonies." The appellant contends that the jury should have been delivered forms reciting guilty with one prior felony and guilty with two prior felonies. This contention is wholly without merit. For enhancement under the second paragraph of section 801, three prior felonies are required. If the appellant had not been found guilty with three prior felonies, the jury would have been required to sentence him under the first paragraph of section 801, which does not provide for enhancement of sentences. Therefore, this contention also is without merit.

### D.

In his last contention, the appellant maintains that the aforementioned errors mandates a modification of his sentence. Since we have held the prior contentions meritless, such a modification is not required. Accordingly, for the foregoing reasons, the appellant's first assignment of error is without merit.

### II.

■ In his second assignment of error, the appellant contends that it was error for the trial court to submit his "pen pack"[1] to the jury, inasmuch as it contained information alluding to his receipt of "good time" credits.[2] Appellant asserts, and we agree, that this Court has held testimony during trial concerning good time credits and work time credits is error. *Goodson v. State*, 562 P.2d 521 (Okl.Cr.1977). However, we

---

1. A "pen pack" contains copies of defendant's penitentiary records, including mug shots, fingerprints, etc. It is typically used by the State to connect an appellant to prior conviction for purposes of enhancement, particularly when the accused denies he has incurred the prior convictions alleged.

2. "Good time" credits earn an inmate reduction of his sentence through participation in blood donations, training programs, good conduct, or meritorious acts. *See* 57 O.S.1981, §§ 138, 138.-1.

also have held that a timely specific objection is necessary to preserve allegations of error for review on appeal. *E.g., Pekah v. State, supra.* No objection to the "pen pack" was asserted at trial on the grounds raised herein. We further note that the single reference to "good time" credits was inconspicuous. More importantly, it does not appear that this single reference prejudiced the appellant since the maximum sentence for his conviction was life imprisonment, and a sentence of thirty years is not particularly harsh for a four-time felon. Accordingly, this assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.

### OPINION ON REHEARING

PARKS, Judge:

■ Petitioner, Donald R. Sealy, was convicted of Robbery With Firearms, After Former Conviction of Three Felonies, in Case No. CRF–83–233, and sentenced to thirty (30) years' imprisonment. On direct appeal, the judgment and sentence was affirmed. In his petition for rehearing, petitioner urges this Court to reconsider its affirmance of his sentence alleging that he was improperly sentenced as a repeat offender under the enhancement provisions of 21 O.S.1981, Section 801, because his prior convictions were not robbery related. Insofar as we agree with petitioner's contention, the request for rehearing is hereby granted.

Section 801 specifically provides enhanced punishment for any person "guilty of three (3) separate and distinct felonies, in violation of this section...." (emphasis added). This language is clearly intended as a special enhancement provision for those persons found guilty of three (3) armed robbery offenses in violation of Section 801. This interpretation is conclusively supported by the title of the act which states in pertinent part, "ESTABLISHING

MANDATORY MINIMUM SENTENCES FOLLOWING THREE ARMED ROBBERY CONVICTIONS," and by a recent opinion by the Attorney General of Oklahoma, Op. Att'y Gen. No. 83–301 (Feb. 15, 1984), which states in part:

It is, therefore, the official opinion of the Attorney General that the enhancement provisions of 21 O.S.Supp. 1983, 801, are not triggered until as offender has been convicted of three (3) separate and distinct violations of this section, with such convictions having arisen from no fewer than three (3) separate and distinct criminal transactions. (emphasis in original)

The record before this Court shows that the petitioner has previously been convicted twice for Embezzlement by Bailee, and once for Larceny of an Automobile. The trial court properly prohibited the State from enhancing petitioner's punishment under the Habitual Criminal Statute, 21 O.S. 1981, Section 51, because the petitioner was not afforded a preliminary hearing on the issue of the former convictions. Therefore, because petitioner does not have three (3) prior armed robbery convictions under Section 801, the trial court erred in allowing the State to enhance petitioner's punishment under that section.

Accordingly, insofar as it is impossible to determine the sentence the jury would have rendered under proper instructions, the petitioner's sentence is hereby MODIFIED to five (5) years' imprisonment, which is the minimum permitted after conviction for a single armed robbery.

BRETT and BUSSEY, JJ., concur.