**Sidney Clark BLUNT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–614.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1987.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Sidney Clark Blunt, was tried and convicted in the District Court of Tulsa County of Delivery of a Controlled Drug, Second Offense, After Two Prior Felony Convictions, Case No. CRF–84–3256, and Possession of Firearm After Two Prior Felony Convictions, Case No. CRF–84–3262, and was sentenced to terms of imprisonment of thirty-five (35) years and seven (7) years, respectively, the terms to run consecutively.

In brief, the facts of the case are these. On July 16, 1984, an experienced informant of the Tulsa Police Department, George Dwinnels, obtained one-half gram of Methamphetamine and a .25 caliber pistol from the appellant in return for a cash payment of $80.00. Shortly thereafter, Dwinells gave these items to a Tulsa Police officer in a grocery store parking lot. An arrest warrant for appellant was issued on August 30, 1984.

Appellant has three assignments of error, all of which concern the instructions given to the jury. Specifically, appellant cites error in the instruction on enhancement of sentence given under 21 O.S.1981, § 51(B) instead of under 63 O.S.1981, § 2–401(C), in the trial court's failure to more specifically define the elements of the crimes charged, and in the trial court's failure to give a cautionary instruction as to the credibility of the State's informant.

■ Absent a showing of fundamental error, a defendant waives his right to raise issues concerning the instructions on appeal if he fails to object to the complained of instructions, or, alternatively, if he fails to request certain instructions which are not given. *Nelson v. State,* 709 P.2d 700 (Okl.Cr.1985); and *Luckey v. State,* 529 P.2d 994 (Okl.Cr.1974). Since appellant did fail to object to the relevant instructions which were given, and did not offer the instructions which he complains were erroneously not given, he has waived review on all grounds other than that of fundamental error.

■ Appellant's first assignment of error concerns the trial court's use of the instruction on enhancement of sentence under 21 O.S.1981, § 51(B), "The Habitual Offenders Act," instead of under 63 O.S. 1981, § 2–401(C), "The Uniform Controlled Substance Act." This Court has repeatedly held that it is fundamental error to instruct on enhancement of sentence under the Habitual Offenders Act when the provisions of the Uniform Controlled Substance Act clearly apply. *Johnson v. State,* 559 P.2d 1250 (Okl.Cr.1977); and *Buff v. State,* 538 P.2d 1117 (Okl.Cr.1975). However, the provisions of this act clearly do not apply in this case.

Appellant's two prior felony convictions which were used by the State for enhancement of sentence were for Grand Larceny and for Possession of a Controlled Drug. The provisions of 63 O.S.1981, § 2–401(C) are intended to apply only where *all* of the felonies are drug offences under the Uniform Controlled Substance Act. Where any of the felonies involved are not under this act, the provisions of the Habitual Offenders Act are intended to apply. Consequently, there is no error in the trial court's instructions as to enhancement of sentence.

Appellant's second assignment of error is that the instructions were flawed in that they failed to define "wilfully," a material element of both crimes charged, and "knowingly," "possess," and "pistol," material elements of the gun possession charge.

■ A trial judge's failure to precisely define certain terms in his instructions is not error where the terms are in common usage and the appellant did not request a more precise definition of the terms. See *Feil v. State,* 81 Okl.Cr. 133, 161 P.2d 770 (1945); 23A C.J.S. *Criminal Law* § 1191 (1961); and Annot. 169 A.L.R. 315, 348 (1947). Here the terms in dispute are in common usage and there is no fundamental error in the trial judge's instructions as to the definition of the terms.

■ Appellant's third assignment of error is that the trial judge committed fundamental error in that he did not give a

cautionary instruction about the credibility of an informant.

It is clear from the record, however, that the jury was made fully aware of any possible motives the informant might have in testifying against appellant. Furthermore, the trial court properly instructed the jury that it had the responsibility of weighing the credibility of all of the witnesses in reaching its verdict. Consequently, there is no fundamental error involved in the trial judge's failure to read the cautionary instruction. See *Gee v. State*, 538 P.2d 1102 (Okl.Cr.1975), and *Frazier v. State*, 706 P.2d 165 (Okl.Cr.1985).

Finding no error warranting reversal or modification, judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, Specially Concurring:

Although I agree with the result in this case, I write separately on the question of the proper application of the punishment enhancement provisions of the Uniform Controlled Substance Act, 63 O.S.1981, § 2–401, and the Habitual Offender Act, 21 O.S.1981, § 51. The majority states that "The provisions of 63 O.S.1981, § 2–401(C) are intended to apply only where *all* of the felonies are drug offenses under the Uniform Controlled Substance Act." *Supra,* at 147 (emphasis in original). I believe that language could be somewhat misleading because it implies that the State can never seek to enhance under the drug statute if the defendant has any non-drug convictions. As this Court indicated in *Novey v. State*, 709 P.2d 696 (Okl.Cr.1985) (Bussey, J., concurring in result; Brett, J., specially concurring), when a drug defendant has been previously convicted of both drug and non-drug crimes, the State may elect to seek enhancement under either statute. Therefore, if the State wishes to seek enhancement under the Controlled Substance Act, it may elect to do so by citing only the prior drug offenses for enhancement purposes. Of course, the State may also elect to proceed under the Habitual Offender

Act by citing both the drug and non-drug prior offenses. In this case, since the appellant had been previously convicted of both drug and non-drug crimes, the State could properly elect to proceed under the Habitual Offender Act.