William Dee ELLIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–761.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1988.

Lee Ann Jones Peters, Chief of Appellate Div., Oklahoma County Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., W. Craig Sutter, Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, William Dee Ellis, was tried by jury and convicted of Robbery With a Dangerous Weapon, After Former Conviction of Two Felonies, in violation of 21 O.S.Supp.1982, § 801, in Oklahoma County District Court, Case No. CRF–84–3880, before the Honorable Jack Parr, District Judge. The jury set punishment at sixty (60) years imprisonment. Judgment and sentence was imposed accordingly. We affirm as hereinafter modified.

The appellant challenges only the instructions during the punishment stage of his trial and, therefore, a statement of the facts is unnecessary. During the second stage, the State introduced two judgments and sentences reflecting that the appellant had two prior felony convictions for robbery with a dangerous weapon.

In his sole assignment of error, appellant claims that the trial court committed fundamental error in instructing the jury during the second stage that the minimum punishment was twenty (20) years imprisonment pursuant to the Habitual Offender Act of 21 O.S.1981, § 51(B), as opposed to ten (10) years under the enhancement provisions contained in 21 O.S.Supp. 1982, § 801, of the Robbery With a Dangerous Weapon statute. Appellant contends that his sentence should be modified to the minimum under Section 801, due to the failure of the trial court to instruct pursuant to Section 801. The State concedes that the trial court erred in instructing under Section 51 as opposed to Section 801, but asserts that any error was waived by the appellant's failure to object or submit requested instructions. Appellant candidly concedes that trial counsel failed to object or submit requested instructions, but asserts that the error was fundamental, because the instructions given failed to state the applicable law. As a general proposition, we agree that "[w]here the appellant fails to object to instructions given and does not submit requested instructions, *and where the instructions given adequately covered the subject matter of inquiry,* any error was waived." *Battles v. State,* 732 P.2d 480, 482 (Okla.Crim.App. 1987) (emphasis added). In the case at bar, however, we agree with appellant that the instructions given failed to state the applicable law and thus did not adequately cover the subject matter of inquiry. For this reason, we find that the error was of a fundamental nature going to the foundation of the case with regard to the second stage instructions on punishment. *Compare Spencer v. State,* 736 P.2d 994, 995 (Okla.Crim.App.1987). Therefore, the failure to make a proper objection under such circumstances does not preclude this Court from taking notice of the error. *See* 12 O.S.1981, § 2104(D).

We begin with the applicable language contained in the second paragraph of 21 O.S.Supp.1982, § 801, which provides as follows:

Upon conviction [for Robbery With a Dangerous Weapon], any person guilty of three (3) separate and distinct felonies, in violation of this section shall suffer punishment by imprisonment for life, in the State Penitentiary, or for a period of time of not less than ten (10) years, and it is mandatory upon the court to impose no less than the minimum sentence of ten (10) years. The sentence imposed upon such person shall not be reduced to less than ten (10) calendar years, nor

suspended, nor shall any person be eligible for probation or parole or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence.

Appellant contends that the specific enhancement provisions of Section 801 are controlling in the instant case. For the following reasons, we agree. First, the appellant was convicted of three (3) separate and distinct robberies with a dangerous weapon in violation of Section 801, thus triggering the specific enhancement provisions of Section 801. *See Sealy v. State,* 738 P.2d 521, 524 (Okla.Crim.App.1987) (Opinion on Rehearing). Second, specific provisions for punishment control over general provisions. *See* 21 O.S.1981, § 11. Third, we have held that specific enhancement statutes, where applicable, control over general enhancement statutes. *See Spencer v. State,* 736 P.2d 994, 995 (Okla. Crim.App.1987); *Faubion v. State,* 569 P.2d 1022, 1025 (Okla.Crim.App.1977). Fourth, having carefully reviewed the pertinent language of Section 801, we believe that the purpose of Section 801 can only be fulfilled in this case by utilizing "the more specific of the two applicable provisions...." *Holder v. State,* 556 P.2d 1049, 1053 (Okla.Crim.App.1976). Finally, in light of the United States Supreme Court's decision in *Hicks v. Oklahoma,* 447 U.S. 343, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980), we cannot accept the State's contention that the error was harmless.

Accordingly, we hold that where a defendant has been convicted of three (3) separate and distinct violations of 21 O.S. Supp.1982, § 801, and the State seeks to enhance punishment, such enhancement must be done in compliance with the specific enhancement provisions of Section 801, rather than the general enhancement provisions of 21 O.S.1981, § 51. We note, however, that our decision today does not affect enhancement of armed robbery convictions under the Habitual Offender Act of 21 O.S.1981, § 51, where the specific provisions of Section 801 have not been triggered by three (3) separate and distinct violations of Section 801. Also, to the extent that appellant appears to contend that the trial judge should have informed the jury that the appellant would not be eligible for parole for at least ten (10) calendar years under Section 801, we adhere to our settled position that it is improper for a trial court to instruct on the eligibility of a defendant for parole. *See Miller v. State,* 522 P.2d 642, 644 (Okla.Crim.App.1974); *Kovash v. State,* 519 P.2d 517, 522 (Okla. Crim.App.1974).

"Since it is impossible to determine what a jury would have done under a proper instruction, we are unable to affirm ... appellant's sentence." *Novey v. State,* 709 P.2d 696, 700 (Okla.Crim.App.1985). Thus, the failure of the trial court to properly instruct the jury regarding punishment pursuant to Section 801 requires this Court to modify the punishment imposed upon the appellant to the minimum allowed under Section 801. *See Novey, supra.* Based on the foregoing, appellant's sixty (60) year sentence shall be modified to the minimum of ten (10) years imprisonment under the terms set forth in 21 O.S.Supp.1982, § 801.

Accordingly, the judgment and sentence is AFFIRMED as MODIFIED.

BRETT, P.J., and BUSSEY, J., concur.

**J.A.M., Appellant,**