**Jack Richard CHAMBERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–744.**

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1988.

As Corrected on Denial of
Rehearing Dec. 5, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jack Richard Chambers, was convicted in the District Court of Oklahoma County, Case No. CRF–84–5357, of the crime of Robbery with Firearms After Former Conviction of Two or More Felonies. He was sentenced to one-hundred fifty years' imprisonment and brings this appeal.

The facts disclosed by the record reveal that on November 10, 1984, a man entered a grocery store in Midwest City, Oklahoma. Using a gun, he demanded that two of the employees give him money. One of them was able to tell the store manager that a robbery was in progress. The manager called the police. The robber instructed both of the employees to lie down on the floor before he left.

After he left, the employees ran out to chase him. One saw the robber get into a car and ride away. The other employee met an officer arriving at the scene and pointed out the getaway car. After a long chase, appellant was arrested. Both of the grocery store employees positively identified appellant as the robber.

In his first assignment of error, appellant challenges his sentence on the grounds that nothing in the record shows that evidence of his prior felonies was presented in preliminary hearing. Therefore, he asserts, the District Court was without jurisdiction to conduct second stage proceedings.

We find appellant's arguments to be untenable. There can be no doubt that appellant was entitled to a preliminary hearing on prior offenses to be used for enhancement under 21 O.S.1981, § 51, the statute in effect at that time. *See Carter v. State,*

292 P.2d 435, 440 (Okl.Cr.1956). There also can be no doubt that a preliminary hearing was conducted in this case on the matter of page two of the information. (O.R. 24, 97). Appellant was present at that hearing with trial counsel.

Appellant complains that there is no transcript of those proceedings, and that "waiver of important constitutional rights may not be presumed from a silent record." While we do not have a transcript, we note that defense counsel has a duty to insure that sufficient record is provided to determine issues raised on appeal. *Dollar v. State,* 674 P.2d 48, 50 (Okl.Cr.1984). Furthermore, Rule 1.15, Rules of the Court of Criminal Appeals, 22 O.S.Supp.1987, Ch. 18 App., provides the procedure to be followed by the Appellate Public Defender in the event some portion of the trial proceeding was not transcribed and not included in trial counsel's designation of record. The provisions of that rule have not been observed. This Court will not assume error from a silent record, *Joplin v. State,* 663 P.2d 746, 747 (Okl.Cr.1983), and this assignment must fail.

In his second assignment of error, appellant seeks reversal of his conviction on the grounds that a highly inflammatory evidentiary harpoon was thrust by one of the officers testifying at trial. In *Bruner v. State,* 612 P.2d 1375 (Okl.Cr.1980), this Court recognized six features of an evidentiary harpoon:

> (1) they are generally made by experienced police officers; (2) they are voluntary statements; (3) they are wilfully jabbed rather than inadvertent; (4) they inject information indicating other crimes; (5) they are calculated to prejudice the defendant; and (6) they are prejudicial to the rights of the defendant on trial.

*Id.* at 1378–79.

During cross-examination of the officer, defense counsel asked the officer:

> Q. When you went to see [appellant] in the jail, did you just go to question him about this incident or what were the circumstances?

A. No, I went to question him about who he was. I didn't talk to him about the robbery.

Q. What else did you talk to him about other than who he was?

A. That was basically it. You know, I found out just from talking to him he'd been in prison.

Defense counsel objected to the answer and moved for mistrial. The objection was sustained and the jury admonished, but the motion for mistrial was overruled. We find that the ruling was correct.

The officer's response was not relevant to the case under 12 O.S.1981, § 2401, and in any case would have to be excluded since its prejudicial impact substantially outweighed any probative value. 12 O.S.1981, § 2403. For this reason, appellant's objection was properly sustained. However, with regard to the evidentiary harpoon analysis, we note that the officer's answer was responsive to the question asked by defense counsel. The error in presenting irrelevant prejudicial evidence was invited by appellant and cannot serve as a basis for reversal. *See Wolverton v. State,* 707 P.2d 46 (Okl.Cr.1985). Furthermore, the action of the trial court in sustaining the objection and admonishing the jury cured any error that may have occurred. *See, Ellis v. State,* 652 P.2d 770, 772 (Okl.Cr.1982). Finally, in light of the overwhelming evidence of guilt, we cannot conclude that any prejudice resulted from the statement. *Bruner, supra,* at 1379. Accordingly, this assignment must fail.

In his third assignment, appellant asserts that his sentence is excessive and must be modified. We lack power to modify a sentence imposed within the limits of the statute unless it is so excessive as to shock the conscience of this Court. *Faulkenberry v. State,* 725 P.2d 609, 610 (Okl.Cr. 1986). After reviewing all of the facts and circumstances in this case, we find modification to be inappropriate.

In a supplemental brief, appellant claims that his punishment was enhanced under the wrong statute. Appellant relies upon *Ellis v. State,* 749 P.2d 114 (Okl.Cr.

1988), for the proposition that it was fundamental error for the trial court to fail to instruct under the special punishment enhancement provisions of 21 O.S.Supp.1982, § 801. That statute controls sentencing of defendants who are convicted of robbery with a dangerous weapon *after* two or more convictions for this same offense.

*Ellis* was correctly decided under the principle that specific statutes control over general statutes. In that case, the facts were such that only 21 O.S.Supp.1982, § 801 could apply. Ellis had been convicted of robbery with a dangerous weapon, and all of his prior convictions were for the same crime. The case presently before us is distinguishable in that one of the prior convictions used for enhancement was not covered by section 801. Thus, this case presents a situation more analogous to that found in *Novey v. State,* 709 P.2d 696 (Okl. Cr.1985), dealing with enhancement under our drug statutes. In that case, we held, "when it is proper to enhance under either [the drug or general enhancement] statute, the district attorney must make an election as to which enhancement he wishes to pursue." *Id.* at 699.

The prosecutor in this case could properly elect to proceed under the provisions of § 51, and we find no merit in this assignment of error.

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Oklahoma County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I write separately to address appellant's contention that the trial court committed fundamental error in instructing the jury to enhance under the general enhancement provisions of 21 O.S.1981, § 51, rather than the specific enhancement provisions of 21 O.S.Supp.1982, § 801. The specific enhancement provisions of Section 801 are triggered by conviction of three (3) separate and distinct violations of Section 801. *Sealy v. State,* 738 P.2d 521, 524 (Okla.

Crim.App.1987). In *Ellis v. State*, 749 P.2d 114, 116 (Okla.Crim.App.1988), this Court held that "where a defendant has been convicted of three (3) separate and distinct violations of 21 O.S.Supp.1982, § 801, and the State seeks to enhance punishment, such enhancement must be done in compliance with the specific enhancement provisions of Section 801, rather than the general enhancement provisions of 21 O.S.1981, § 51."

In *Ellis*, the defendant's prior convictions were all for violations of Section 801. Here, appellant had prior convictions for four (4) separate and distinct violations of Section 801, and one prior drug related felony conviction. (Tr. 160; State Ex. 15–18) Since it would have been proper for the State to seek enhancement under either Section 801 or Section 51, I would find the State elected to proceed under Section 51 by introducing a prior felony conviction which did not fall within Section 801. *See Blunt v. State*, 743 P.2d 145, 148 (Okla. Crim.App.1987) (Parks, J., Specially Concurring). Accordingly, I concur.