930 F.2d 32
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jack Richard CHAMBERS, Jr., Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 90-6347.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1991.
 
 Before LOGAN, JOHN P MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Jack Richard Chambers, Jr., an inmate in the custody of the Oklahoma Department of Corrections, appeals pro se from the trial court's denial of his petition for writ of habeas corpus brought under 28 U.S.C. Sec. 2254. Petitioner presently is serving a 150-year sentence following his conviction of the crime of robbery with firearms after former conviction of two or more felonies. Okla.Stat.Ann. tit. 21 Sec. 801. His conviction was affirmed by the Oklahoma Court of Criminal Appeals, Chambers v. State, 764 P.2d 536 (Okla.Cr.1988), and his subsequent petitions for post-conviction relief were denied. Thus, petitioner has exhausted all state remedies for purposes of obtaining federal habeas review.
 
 
 2
 Petitioner argues that he received ineffective assistance of counsel in violation of his rights under the sixth amendment. He contends that trial and appellate counsel should have challenged the constitutionality of his two prior convictions used for enhancement of his present sentence. According to petitioner, these convictions were obtained pursuant to guilty pleas which were not knowing and voluntary. These pleas previously had been held to be knowing and voluntary by Oklahoma courts in two post-conviction proceedings. We cannot say that petitioner's trial and appellate counsel were constitutionally ineffective in declining to challenge the validity of his prior convictions when the guilty pleas which led to such convictions previously had been found proper by the highest court in the state. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 3
 Petitioner also contends that trial and appellate counsel were constitutionally ineffective because they failed to investigate his prior mental condition for the purpose of challenging his competency to stand trial. He does not allege that he informed counsel of his prior mental illness, nor does he claim that his demeanor should have led counsel to question his competency. "The adequacy or reasonableness of an attorney's action is necessarily conditioned by the defendant's own actions or inaction." United States v. Miller, 907 F.2d 994, 998 (10th Cir.1990). Given defendant's failure to provide them with notice that an inquiry was necessary, we cannot say that petitioner's trial and appellate counsel were constitutionally deficient for failing to investigate his mental condition. Accordingly, we affirm the denial of petitioner's habeas petition substantially for the reasons set forth the district court's order, a copy of which is attached hereto.
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT FOR THE
 WESTERN DISTRICT OF OKLAHOMA
 JACK RICHARD CHAMBERS, JR., Petitioner
 
 5
 vs.
 
 JACK COWLEY, Respondent
 
 6
 Oct. 26, 1990.
 
 No. CIV-90-1131-W
 JUDGMENT
 
 7
 LEE R. WEST, District Judge.
 
 
 8
 Upon consideration of the petition for writ of habeas corpus filed herein and the Court's Memorandum Opinion,
 
 
 9
 IT IS ORDERED, ADJUDGED AND DECREED that the petition be and the same is hereby denied.
 
 
 10
 DATED this 26th day of October, 1990.
 
 
 11
 /s/ LEE R. WEST
 
 UNITED STATES DISTRICT JUDGE
 MEMORANDUM OPINION
 
 12
 Petitioner, a state prisoner appearing pro se and in forma pauperis, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The respondent has filed his Rule 5 response, to which the petitioner has replied, and the matter is at issue. The Court determines that an evidentiary hearing is not necessary, as the issues can be resolved on the basis of the record. Townsend v. Sain, 372 U.S. 293 (1963), Cartwright v. Maynard, 802 F.2d 1203, 1216 (10th Cir.1986), aff'd 486 U.S. 356 (1988).
 
 
 13
 In this proceeding, petitioner raises six assertions of error regarding the effectiveness of trial and appellate counsel. A review of the state court records furnished by respondent indicates that in May of 1985 in the District Court of Oklahoma County, State of Oklahoma, Case No. CRF-84-535, petitioner was found guilty by a jury of Robbery with Firearms, after Former Conviction of Two or More Felonies. The jury recommended and the judge imposed a sentence of 150 years. A timely appeal was perfected on behalf of petitioner to the Court of Criminals Appeals which affirmed the conviction and sentence. Chambers v. State, 764 P.2d 536 (Okla.Crim.App.1988). Petitioner thereafter filed an application for post-conviction relief asserting that he was denied effective assistance of trial and appellate counsel. Petitioner argued that counsel failed to present evidence or urge that the prior convictions used for enhancement were invalid because, (1) he had been ruled insane prior to entering his pleas of guilty; (2) the prior guilty pleas were not entered voluntarily and knowingly because of his insanity; and, (3) the prior convictions were invalid because the Court failed to establish the minimum requirements to support the pleas of guilty. The district court's denial of the petitioner's application for post-conviction relief was affirmed by the Oklahoma Court of Criminal Appeals. Petitioner then filed the instant application asserting the same grounds raised in his application for post-conviction relief. Each ground raised by the petitioner is based on the allegation that his prior convictions are in effect invalid because he had been adjudicated insane and counsel was in error in not arguing for their exclusion at the sentencing stage of the trial or at least requesting an examination of petitioner's mental capability to stand trial.
 
 
 14
 The standard for judging ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668 (1984). The test is a two-prong test and both elements must be present in order for such a claim to be upheld. To succeed petitioner must show deficiency plus prejudice. United States v. Miller, 907 F.2d 994, 997 (10th Cir.1990); United States v. Rivera, 900 F.2d 1462, 1472 (10th Cir.1990) (en banc). Petitioner must overcome the strong presumption that counsel's conduct falls within the "wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. at 689. As put by the Tenth Circuit recently
 
 
 15
 The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential.
 
 
 16
 United States v. Miller, 907 F.2d at 997, quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (citing Strickland v. Washington, 466 U.S. at 688-689). Next, the petitioner must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694. There is no reason to address both components of the Strickland inquiry if the petitioner makes an insufficient showing on one. Id. at 697.
 
 
 17
 To substantiate his claim of ineffective assistance of counsel petitioner argues that counsel failed to investigate his mental condition. Petitioner asserts if counsel had conducted an investigation he would have discovered that on May 22, 1974 he was ruled insane by the District Court of Tulsa County, Case No. PMH 74-188 and committed to Eastern State Hospital, and on August 5, 1981 he was ruled insane by the District Court of Muskogee County, Case No. PMH-81-37 and committed to Eastern State Hospital. Petitioner asserts his "sanity" has not been restored in either case. Petitioner further argues because the prior guilty pleas, used to enhanced the challenged sentence, were entered during a time when he had been adjudicated insane, counsel should not have allowed or at least argued against their use for enhancement purposes. Petitioner claims that counsel had a responsibility to ascertain that he was not competent to stand trial. Petitioner states:
 
 
 18
 The appointed trial counsel never investigated as to this evidence, and the Petitioner does not recall him ever inquiring about his mental history. Had trial counsel done so and challenged the said Tulsa County prior convictions accordingly, and/or requested a prompt inquiry and psychiatric examination of Petitioner via proper application, there is a reasonable probability that the district trial judge would have, at the very least, ordered an immediate examination of Petitioner to determine if he was competent to stand trial.
 
 
 19
 Petitioner's "Reply to Respondent's Response," pp. 5-6.
 
 
 20
 However, "[t]he adequacy or reasonableness of an attorney's action is necessarily conditioned by the defendant's own actions or inaction." United States v. Miller, 907 F.2d at 998. Although petitioner now faults both his trial and appellate counsel for failing to investigate his mental history, he has not established or even suggested that counsel was aware that petitioner had a history of treatment for mental problems.
 
 
 21
 With the exception of those instances where a defendant's behavior or demeanor should communicate to his counsel or the Court that the defendant suffers from a mental disability, incapacity or impairment, an investigation, such as the investigation that [petitioner] claims his trial attorney failed to conduct, cannot be charged as a claim of "ineffective assistance of counsel" when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself. As this court has noted, "[t]he reasonableness of an attorney's decision not to conduct an investigation is directly related to the information the defendant has supplied."
 
 
 22
 United States v. Miller, 907 F.2d at 998-999, quoting Coleman v. Brown, 802 F.2d 1227, 1233 (10th Cir.1986), cert. denied, 482 U.S. 909 (1987); United States v. Rhodes, 913 F.2d 839 (10th Cir.1990). Nowhere does petitioner allege that he ever informed trial counsel or appellate counsel of his claimed mental incapacities, nor does he suggest that his behavior or demeanor was such that counsel or the court should have recognized that he was insane. Thus, counsel can not be held responsible for petitioner's failure to inform them of his prior mental history. The Court, therefore, fails to find any deficiency on the part of trial or appellate counsel in relation to not discovering petitioner's alleged mental condition and thereafter taking appropriate steps to challenge the current judgment and sentence.
 
 
 23
 Moreover, even assuming a deficiency on the part of counsel the petitioner has failed to establish prejudice, i.e., that the judge would have found the prior convictions could not be used to enhance the present sentence. Here, the record indicates that the petitioner in fact challenged the prior conviction in post-conviction proceedings in Tulsa County. In an order dated January 24, 1978, District Judge Raymond W. Graham denied post-conviction relief. The Oklahoma Court of Criminal Appeals on March 24, 1978, affirmed. Both courts held that the guilty pleas were entered knowingly and voluntarily. In light of these rulings it is not probable that the district judge would have determined the prior guilty pleas could not be used for enhancement purposes. Beachum v. Tansy, 903 F.2d 1321, 1330 (10th Cir.1990), cert. denied, --- U.S. ----, 59 U.S.L.W. 3276 (Oct. 9, 1990).
 
 
 24
 Based on the foregoing, the Court finds that petitioner is not entitled to habeas relief, and his petition must therefore be denied. A judgment shall enter accordingly.
 
 
 25
 IT IS SO ORDERED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3