2010 OK CR 17

**Alfonzo Lanell McINTOSH, Appellant**

v.

**STATE of Oklahoma, Appellee.**

No. F–2009–212.

Court of Criminal Appeals of Oklahoma.

Aug. 6, 2010.

Kent Bridge, Jacquelyn Ford, Assistant Public Defenders, Oklahoma City, OK, attorneys for defendant at trial.

Kevin Etherington, Robert Owen, Robert McClatchie, Assistant District Attorneys,

Oklahoma City, OK, attorneys for State at trial.

Marva A. Banks, Assistant Public Defender, Oklahoma City, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Oklahoma Attorney General, Jared Aden Looper, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

### SUMMARY OPINION

A. JOHNSON, Vice Presiding Judge.

¶ 1 Appellant Alfonzo Lanell McIntosh was convicted by a jury in the .District Court of Oklahoma County, Case No. CF–2008–4217, of Trafficking in Controlled Dangerous Substance (ecstasy),[1] in violation of *63 O.S. Supp. 2007, § 2–415,* after former conviction of two or more felonies. The jury fixed punishment at thirty years imprisonment. The Honorable Tammy Bass–Lesure, who presided at trial, sentenced McIntosh accordingly and ordered the sentence to be served concurrently with his sentence in Case No. CF–1995–3742. From this judgment and sentence, McIntosh appeals, raising the following issues:

(1) whether it was error not to give the jury a lesser-included instruction on simple possession of a controlled dangerous substance;

(2) whether the evidence was sufficient to convict him of trafficking; and

(3) whether the thirty year sentence was excessive as based on a jury instruction that misstated the minimum sentence for the crime.[2]

McIntosh requests that we reverse his conviction based on these alleged errors or alternatively, that we modify his sentence. We find reversal of the conviction is not required, but modify the sentence to a term of imprisonment of twelve years.

### 1.

¶ 2 The trial court's refusal to instruct the jury on the lesser-included offense of possession of a controlled dangerous substance was proper. To be entitled to a lesser-included offense instruction on simple possession, there must have been evidence produced at trial negating the evidence that McIntosh possessed the trafficking quantity of thirty pills or ten grams of ecstasy. *See Gilson v. State,* 2000 OK CR 14, ¶ 113, 8 P.3d 883, 917 (holding that defendant is not entitled to lesser-included instruction unless he can show evidence at trial negated extra elements of overlying crime). The evidence in this case was sufficient to show that twenty-one of the pills found in McIntosh's pocket were ecstasy (i.e., they were tested chemically), and there was sufficient other evidence from which jurors could reasonably conclude that the remaining fourteen pills were also ecstasy. There was no evidence, however, suggesting the remaining fourteen pills were not ecstasy. Without some evidence negating the evidence that the remaining fourteen pills were ecstasy, there was no evidentiary support for a jury instruction on simple possession as a lesser-included offense of trafficking.

### 2.

¶ 3 The evidence was sufficient for the jury to convict McIntosh for trafficking in a controlled dangerous substance. *See Coddington v. State,* 2006 OK CR 34, ¶ 66, 142 P.3d 437, 455 (holding that conviction will be affirmed if, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt). The fact that the jury may have relied on circumstantial evidence, rather than direct evidence, to find that McIntosh knowingly possessed the requisite number of ecstasy pills is of no consequence. *See Pavatt v. State,* 2007 OK CR 19, ¶ 36, 159 P.3d 272, 285 ("the law makes no distinction between

---

1. Also known as methlenedioxy methamphetamine or MDMA. See 63 O.S. Supp.2007, § 2–415(A)(8).

2. By separate order, we directed supplemental briefing from both parties on the propriety of McIntosh's sentence. McIntosh raised this issue in his supplemental brief.

direct and circumstantial evidence; either, or any combination of the two, may be sufficient to support a conviction ... [t]he jury may consider all competent evidence, along with rules of law and basic common sense, in reaching a verdict"); *Coddington*, 2006 OK CR 34, ¶ 66, 142 P.3d at 455 (noting that this Court has adopted unified standard of review for direct and circumstantial evidence in claims of insufficient evidence).

### 3.

¶ 4 McIntosh claims that the trial court improperly instructed the jury that the minimum sentence for trafficking in ecstasy after three previous felony convictions was a term of imprisonment of thirty years. According to McIntosh, the proper minimum sentence for this offense is twelve years. McIntosh did not object to the instruction as given by the trial court. We therefore review only for plain error. *Hogan v. State,* 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923.

¶ 5 The base penalties for controlled dangerous substances offenses are set by 63 O.S. Supp.2005, § 2–401(B), which states in relevant portions that:

Any person who violates the provisions of this section with respect to:

1. A substance classified in Schedule I or II which is a narcotic drug, lysergic acid diethylamide (LSD), gamma butyrolactone, gamma hydroxyvalerate, gamma valeroactone, 1,4 butanediol, or gamma-hydroxybutyric acid as defined in Sections 2–204 and 2–208 of this title, upon conviction, shall be guilty of a felony and shall be sentenced to a term of imprisonment for not less than *five (5) years* nor more than life ...

2. Any other controlled dangerous substance classified in Schedule I, II, III, or IV, upon conviction, shall be guilty of a felony and shall be sentenced to a term of imprisonment for not less than *two (2) years* nor more than life ...

(Emphasis added.)

¶ 6 The State argues that ecstasy (methlenedioxy methamphetamine or MDMA) is a Schedule I substance and therefore § 401(B)(1)'s five year base sentence applies. According to the State, because McIntosh possessed ecstasy in violation of 63 O.S.Supp. 2007, § 2–415(A)(8) and in a quantity of thirty or more tablets in violation of § 2–415(C)(8), this five year sentence is doubled to ten years under the provisions of 63 O.S. Supp.2007, § 2–415(D), which provides that:

Any person who violates the provisions of this section with respect to a controlled substance specified in subsection A of this section in a quantity specified in subsection C of this section shall, in addition to any fines specified by this section, be punishable by a term of imprisonment as follows:

1. Not less than *twice the term* of imprisonment provided for in Section 2–401 of this title ...

(Emphasis added.) According to the State, because McIntosh is a thrice-convicted prior felon, this ten year sentence is tripled to thirty years under 21 O.S. Supp.2002, § 51.1(C), which states:

Every person who, having been twice convicted of felony offenses, commits a subsequent felony offense within ten (10) years of the date following the completion of the execution of the sentence, and against whom the District Attorney seeks to enhance punishment pursuant to this section of law, is punishable by imprisonment in the State Penitentiary for a term in the range of *three times* the minimum term for a first time offender to life imprisonment.

(Emphasis added.) The State contends, therefore, that the thirty year minimum sentence contained in the jury instruction was correct.

¶ 7 McIntosh, on the other hand argues that the initial base sentence should have been set at two years under 63 O.S. Supp. 2005, § 2–401(B)(2), then doubled to four years under § 2–415(D), and then tripled to twelve years under 21 O.S. Supp.2002, § 51.1(C). As framed by the parties, the issue to be decided is whether the five year base sentence of 63 O.S. Supp.2005, § 2–401(B)(1) or the two year base sentence of § 2–401(B)(2) applies to his case.

¶ 8 Section 2–401(B)(1), by its plain language is limited to Schedule I or II substances that are narcotic drugs, lysergic acid

diethylamide (LSD), gamma butyrolactone, gamma hydroxyvalerate, gamma valeroactone, 1,4 butanediol, or gamma-hydroxybutyric acid. Ecstasy (methlenedioxy methamphetamine or MDMA) is not a narcotic drug as that term is defined in 63 O.S. Supp.2006, § 2–101(26),[3] nor is it any of the other substances enumerated in section 2–401(B)(1). Section 2–401(B)(1)'s five year sentence cannot apply in this case. Consequently, because ecstasy is a Schedule I substance that is not covered by section 2–401(B)(1), the minimum sentence for an ecstasy offense must be set at two years in accordance with section 2–401(B)(2) as *any other* controlled dangerous substance classified in Schedule I, II, III, or IV" (emphasis added).

¶ 9 When the two year sentence provided by § 2–401(B)(2) is doubled under section 2–415(D), as required for a trafficking offense, and then tripled under 21 O.S. Supp.2002, § 51.1(C) for McIntosh's three prior felony convictions, the correct minimum sentence in McIntosh's case should have been twelve years. The trial court erred by instructing the jury that the sentencing range was thirty years to life. *See Ellis v. State*, 1988 OK CR 9, ¶ 3, 749 P.2d 114, 115 (holding that jury instruction misstating law with regard to punishment range is fundamental error, now referred to as plain error per *Simpson v. State*, 1994 OK CR 40, ¶ 19, 876 P.2d 690, 698).

¶ 10 Nevertheless, under plain error review, we reverse only if we conclude that the error was not harmless or that the error constitutes a miscarriage of justice or a substantial violation of a constitutional or statutory right. See *Logsdon v. State*, 2010 OK CR 7, ¶ 26, 231 P.3d 1156, 1166 ("reversal

is not warranted for plain error if the error was harmless"); *Andrew v. State*, 2007 OK CR 23, ¶ 112, 164 P.3d 176, 199–200 ("this Court will not reverse on instructional error unless the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right"); 20 O.S.2001, § 3001.1 ("[n]o judgment shall be set aside ... unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right"). In this instance, the erroneous instruction required the jury to sentence McIntosh to a term of imprisonment at least eighteen years above the minimum sentence prescribed by statute. With nothing but the bare verdict and the fact that the jury imposed the minimum sentence for the range it was given, we have no basis to conclude that this jury would have imposed the same thirty year sentence had it been properly instructed on the twelve year minimum. Consequently, we cannot conclude that the error was harmless. The term of imprisonment must be modified. *See Ellis*, 1988 OK CR 9, ¶¶ 3, 7, 749 P.2d at 115–116 (modifying jury-imposed sixty year sentence to statutory minimum of ten years where jury was erroneously instructed that minimum sentence was twenty years).

## DECISION

¶ 11 The conviction is **AFFIRMED**. The sentence is **MODIFIED** to a term of imprisonment of twelve years. Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2010), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

**3.** Title 63 O.S. Supp.2005, § 2–101(26) defines the term "narcotic drug" as follows:
"Narcotic drug" means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
a. opium, coca leaves and opiates,
b. a compound, manufacture, salt, derivative or preparation of opium, coca leaves or opiates,
c. cocaine, its salts, optical and geometric isomers, and salts of isomers, and

d. ecgonine, its derivatives, their salts, isomers and salts of isomers, and
e. a substance, and any compound, manufacture, salt, derivative or preparation thereof, which is chemically identical with any of the substances referred to in subparagraphs a through g of this paragraph, except that the words "narcotic drug" as used in Section 2–101 et seq. of this title shall not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine.

C. JOHNSON, P.J., and LEWIS, J.: concur.

LUMPKIN, J., concur in results.